IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.   03-cr-00128-WYD

United States of America,

    Plaintiff,

v.

1.  DANA WEST,

    Defendant.

---

**GOVERNMENT'S MOTION FOR COMMITMENT OF DEFENDANT FOR ADDITIONAL REASONABLE PERIOD OF TIME FOR RESTORATION TO COMPETENCY UNDER 18 U.S.C. § 4241(d)(2)(A)**

---

The United States of America, by Assistant United States Attorney James O. Hearty, respectfully moves the Court for commitment of the defendant for an additional reasonable period of time for restoration to competency under 18 U.S.C. § 4241(d)(2)(A).

## Procedural History

Based on the conclusion of the most recent Court-ordered psychiatric evaluation that the defendant is not presently suffering from a mental disease or defect, the government moved for a new competency hearing on October 11, 2005.  The government sought a new hearing because it believes the record in this case calls into doubt the continued incompetency of the defendant.  By order dated November 14, 2005, the Court denied the government's motion and ordered that the parties file briefs regarding whether

the defendant is to be released from custody.  The parties have filed their respective briefs.

## Applicable Law and Required Findings

The prominent case cited by both parties addressing the continued confinement of an incompetent defendant is *Jackson v. Indiana*, 406 U.S. 715 (1972).  As stated in the government's brief, the Supreme Court held in *Jackson* that where there is not a substantial probability that the defendant may become competent within a reasonable period of time, it violates due process to confine the defendant indefinitely because he lacks the capacity to stand trial.  *Id.* at 731-38.  The *Jackson* holding only applies upon a finding by the Court that *there is not a substantial probability that the defendant may become competent within a reasonable period of time*.  The government does not believe that the Court has made such a finding.

## Evidence of Record on Possibility of Restoration

At the competency hearing conducted on November 16, 2004, Bureau of Prisons psychiatrist Dr. Lucking testified that if the defendant's mental condition had changed and he had become incompetent since Dr. Lucking completed his examination in April 2004, there is a substantial probability that he could be restored to competency in a reasonable period of time with treatment.  In the Court's order of December 17, 2004 denying the government's motion for reconsideration of commitment of the defendant for restoration, the Court stated that Dr. Lucking's testimony regarding restoration was speculation and

did not support a finding that there is a substantial probability that the defendant will be restored to competency within a reasonable additional period of time. (Dkt. # 82) By the same token, however, there is no record evidence that there is <u>not</u> a substantial probability that the defendant could be restored to competency. The only evidence of record on the issue of the possibility of restoration to competency is the testimony of Dr. Lucking.

### Government's Request for Relief

To be clear, the government believes that new evidence from the most recent psychiatric examination suggests that the defendant may now be competent.[1] The government understands, however, that the Court denied the government's request for a new hearing on competency and does not now intend to argue with the Court's prior ruling. In light of the Court's ruling, however, and in view of the full history of this case, the government believes that, assuming that the defendant is not presently competent, there is a substantial probability that he could be restored to competency in the foreseeable future. Moreover, the government believes that there is not record evidence to the contrary.

---

[1] Additionally, the defendant's recent *pro se* filings with the Court are evidence of the defendant's understanding of the nature and consequences of the proceedings and ability to assist in his own defense. *See* 18 U.S.C. § 4241. The defendant's papers filed on October 25, 2005, demonstrate a clear understanding of the procedural status of the case as well as a clear understanding of the complicated competency and civil commitment statutes at issue. (Copy attached hereto as Exhibit 1) The defendant's filing sets forth cogent, well-organized positions that are goal-oriented.

WHEREFORE, the government respectfully requests that the Court enter an order committing the defendant to the custody of the Attorney General for an additional reasonable period of time for restoration to competency under 18 U.S.C. § 4241(d)(2)(A).

Dated:  January 18, 2006                    Respectfully submitted,

                                            WILLIAM J. LEONE
                                            United States Attorney

                                            s/ James O. Hearty
                                            By:  James O. Hearty
                                            Assistant U.S. Attorney
                                            1225 Seventeenth Street, Suite 700
                                            Denver, CO 80202
                                            (303) 454-0100
                                            F: (303) 454-0403
                                            james.hearty@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this ___18th___ day of January, 2006, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR COMMITMENT OF DEFENDANT FOR ADDITIONAL REASONABLE PERIOD OF TIME FOR RESTORATION TO COMPETENCY UNDER 18 U.S.C. § 4241(d)(2)(A)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Walter L. Gerash, Esq.
  James F. Scherer, Esq.
  Walter L. Gerash Law Firm, P.C.
  1439 Court Place
  Denver, CO  80202
  linda@waltergerash.com

          s/ Victoria Soltis
          United States Attorney's Office
          1225 Seventeenth Street, Suite 700
          Denver, CO  80202