FROM: Dana V. West b.k.a. Abraham
Federal Detention Center
9595 W. Quincy Ave.
Littleton, Co. 80123

October 20, 2005

TO: Judge Wiley Y. Daniel
Alfred A Arraj U.S. Courthouse
901 19th St. 10th Floor, Rm. A1038
Denver Co. 80294

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 25 2005

GREGORY C. LANGHAM
                    CLERK

RE: Case #03-CR-128D

Honorable Wiley Y. Daniel,

I seek your forbearance and wisdom as I contact you directly to provide valid and concise consideration of a very complicated case. Thank you for your efforts.

I have attempted to submit this through counsel, but they are not receptive. Thus I have no other recourse and I ask your pardon for burdening you directly.

At any rate a clear vision of the facts would be facilitated if we had Dr. Karen Fukutaki's evaluation in hand pursuant to your June 2nd order.

A solid block of consensus would make everyone's work easier. I hope you have taken steps to assure your order is carried out before the hearing. Also, in this vein it appears that nothing has been done concerning your order to ascertain the availiability of State custody.

Clearly the 18 U.S.C.-4241 competency issues are behind us, which you continue to re-affirm. We are left with applying 18 U.S.C. -4246 to my situation. This requires careful analysis and interpretation.

We immediately face a glitch, however, which is the crux of the current controversy. Section 4246 presumes the defendant reached this milestone by virtue of his having a mental illness.

Now we have this unexpected circumstance where the defendant arrives without a mental illness. That alone makes most of the statute's proceedings moot. And it is to be noted that this situation is not addressed.

Yet this disparity is not at all surprising. Section 18 U.S.C.-4241 sets the stage for a decision between opposing opinions. Naturally, both sides likely would maintain their positions and findings at the next round of evaluations, in spite of the court's findings to the contrary. And that's exactly what Dr. Lucking did.

Clearly the intent of the statute was that the evaluator would focus his attention on dangerousness of a mentally ill person. However, when faced with a mentally healthy person, the question of dangerousness is of no concern.

-1-

The statute has no provision to commit a person without a mental illness. Presumably that means that such a person should be released.

The statute, however, is very clear about the methods to be followed and the circumstances required to commit the defendant. This is affirmed by both counsels in paragraph 3 of the recent Joint Status Report.

Furthermore, if one parses the opening paragraph of 4246(a), it reduces down to; if the director certifies the defendant is dangerous and mentally ill, the court shall order a hearing.

The director did not issue a certificate, therefore a hearing is not even required by statute. This issue can be decided anytime in chambers.

The statute contains language for release in paragraph 4246(e), however, this is only applicable to people who have already been committed pursuant to paragraph 4246(d).

Thus those proceedings and circumstances also have no bearing on our situation. Nor would any consideration of a conditional release. That is a post-committment remedy only.

I would further propose that the only concern of the entire section (4246) is the handling of dangerous mentally ill persons. Again the pre-requisites are not present in this case. This leads one to believe that no committment implies release of the defendant.

But the obvious query at this point is to ask, what is to be done with the dangerous mentally healthy person? This question is elegantly answered by the simple fact that it is not against the law to be dangerous. It is only unlawful to commit crimes. This is substanteated by the release of criminals after they serve their sentence. These are very dangerous people and prison typically makes them more dangerous than when they committed the original crime.

After all, it's three strikes and your out. Society knowingly gives dangerous people multiple chances to perpetrate criminal acts.

So in my case, even if prosecutors and doctors mistakenly think that I am dangerous, there is still no legal basis to confine me. I must be mentally ill as well.

I would respectfully submit, your Honor, that their attempts to label me as dangerous only on the basis of non-proven allegations from the indictment, which in the worst case was only the spoken words, as opposed to material unlawful acts, only attests to the fact that they are grasping at straws to imprison me.

Their's is not an attack founded on law, logic or justice, it clearly is founded in irrational malice.

If they have one point, then let them make it. Don't leave it up to you to find shreds of reason within inconsistent rationale. They have only weakened their case with multiple scenarios.

-2-

I will spare you the point by point inconsistencies in the Government's Joint Status Report and the accompanying Motion For Competency Hearing. I'm sure you have already discerned those yourself.

Furthermore, the law does not discuss what happens at the committment level when a person is found to be mentally ill and not dangerous.

Presumably, there would be no certificate from the director of the facility, no hearing required, no committment, and thus corresponding release. Again the pre-requisites have not been met either. (there)

I have not been able to find any case law describing such perfuntory release, I have asked Walter and Jim to find applicable case law to no avail.

I'm sure you have already noticed the peculiar absence of case law in their single paragraph synopsis of my defense.

My conjecture is that there isn't any because this should be a routine adherence to the law.

Although this circumstance is undoubtedly rare and possibly non-existent, it should be straight forward.

I inquired about disposition of this situation to Doctors Lucking, Junker and Zula, the latter two heads of psychology and psychiatry, respectively, at Butner, and none of them had heard of such a case. Nor can Walter or Jim site a single occurence.

Just for the record I will state unequivocably that I am not dangerous, and have no history of violence. Also, none of my evaluators inquire into my current condition in that regard.

The following summarizes this analysis;

Competency has been decided and we don't need further wrangling on that matter.

My presumed recovery from the court's finding of mental illness in no way has to be inconsistent with your findings last November at a very lengthy, detailed and exhaustive hearing.

Dangerousness is a moot point without the pre-requisite of mental illness. Release should be automatic.

Now having said all this, I wish to thank you for hearing me out, as I view you to be my only avenue for rational justice. I have endeavored to give you the revelant factors to assist you in formulating the correct decision.

I await your judicious evaluation and ensuing decision. And most of all I hope you have found my analysis helpful to you. That is the only reason I offer it.

-4-

Sincerely yours,

Dana V. West
B.K.A. Abraham