IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr–00128-D

UNITED STATES OF AMERICA

v.

DANA WEST,

    Defendant.

_____

**DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY
AND CONDITIONS OF RELEASE**

    The defendant, Dana West, by and through his counsel, the WALTER L. GERASH LAW FIRM, P.C., moves this Honorable Court to reconsider and reinstate a hearing for release and conditions of release that occurred on January 19, 2006, and for any other and additional relief that this Court shall deem proper. As grounds for this motion, Defendant states:

**PROCEDURAL HISTORY**

    Mr. West is charged by Criminal Complaint with a single count of violation of 18 U.S.C §§ 373 and 844(i). He has been in federal custody since March 2003, and is currently housed at FCI-Englewood in Littleton, Colorado.

    In May 2003, the Court directed that Mr. West undergo a psychiatric evaluation, to determine his competency. After this evaluation, upon stipulated motion of the parties, the Court on October 21, 2003 found him incompetent. At that time, the Court issued a

1

commitment order under to 18 U.S.C. § 4241(b)(1), directing that he be committed for evaluation for the purpose of determining whether there was a substantial probability that in the foreseeable future Mr. West would attain the mental capacity to permit the trial to proceed.

A hearing was held on November 16, 2004, after the evaluation ordered by the Court had been completed. The Court found that <u>there did not exist a substantial probability that Mr. West would attain competency in the foreseeable future</u>. The Court <u>further found</u> that <u>there did not exist a substantial probability that re-commitment of Mr. West for an additional period of time would result in his attaining the capacity to permit the trial to proceed, as required by 18 U.S.C. § 4241(b)(2)(6) for such a re-commitment</u>.

Based on these findings, on November 24, 2004, the Court issued an Order for Psychiatric and Psychological Examination of the Defendant Pursuant to 18 U.S.C. § 4246. In this Order, the Court found that Mr. West was mentally incompetent, and that his mental condition had not so improved during the time of this evaluation and treatment under Section 4241(b) to permit the trial to proceed. The Court in its Order found Mr. West was therefore subject to the civil commitment procedures contained in Section 4246. The Court directed that Mr. West be evaluated for dangerousness, as provided by the statute.

Pursuant to the Court's November 24, 2004 Order, Mr. West was sent to FMC-Butner in Butner, North Carolina for a dangerousness evaluation. The evaluator submitted a report to the Court. With this report was also submitted a letter from the warden at FMC-

Butner, stating that Mr. West did not meet the dangerousness criteria under in 18 U.S.C. § 4246(a).

Counsel for the parties appeared for hearing on January 19, 2006. To the surprise of both parties, rather than make its ruling on release and/or conditions of release, the Court ordered that counsel for the Defendant and the government submit, to each other, the names of three psychiatrists, and thereafter attempt to select one of those six persons selected, to perform an examination of the Defendant. The Court ruled that if the parties were unable to select one of the named psychiatrists from the six names tendered, then the Court would make the selection from the six names chosen. The Court further stated that, thereafter, there would be a hearing on competency. The Court directed that Mr. West remain in custody, pending this hearing.

## ARGUMENT

As indicated in the background chronology, on November 2005, this Court held there was no substantial probability that Dana West would attain capacity to stand trial in the foreseeable future. The U.S. Supreme Court, in *Jackson v. Indiana*, 406 U.S. 715, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972), stated as follows:

> We hold, consequently, that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial *cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.* If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, *or release the defendant*. *Jackson v. Indiana, supra*, 92 S. Ct. at 1858.(Emphasis added)

*See also, United States v. Chambers*, 829 F.2d 479 (4th Cir. VA, Sept. 18, 1987); and *United States v. Walker*, 335 F.Supp. 705 (N.D. CA Sept. 30, 1971).

18 U.S.C. §§ 4241 and 4246 track and implement the holding in the italics *Jackson* decision. Section 4241(d) provides that, where a defendant has been found incompetent to proceed, the Court is to direct that the defendant be held and committed for a reasonable period of time for evaluation, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the mental capacity to permit the case to proceed. The statute further provides that if, after the period of hospitalization and evaluation provided for in § 4241(d), it is determined that the defendant's mental condition has not so improved as to permit the case to proceed, further disposition of the defendant is to be determined under the provisions of § 4246.

Section 4246(a) sets forth the criteria and procedures for civil commitment of a defendant who has been found to be indefinitely incompetent under § 4241(d). This section provides that, if the director of the facility in which the person who has been committed for evaluation determines that the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that suitable arrangements for state custody and care of the defendant are not available, the director is to transmit a certificate so stating to the district court in which the defendant's criminal case is pending. The section further provides that "a certificate filed under this

4

subsection shall stay the release of the person pending completion of procedures contained in this Section." Section 4246(b) - (d) provide that if, and only if, such a certificate is filed, the court is to hold a commitment hearing to determine dangerousness, applying the criteria set forth in the statute. If such is found after hearing, the court is to direct the government to hospitalize the defendant for treatment in a suitable facility until such time as his mental condition has improved that he no longer meets the dangerousness criteria, or he can be transferred to a state mental health facility.

The Court in this proceeding has made successive determinations, as provided by 18 U.S.C. §§ 4241 and 4246 that Mr. West is incompetent, that there exists no substantial probability that he will obtain competency in the foreseeable future, and that he is not dangerous, as defined in 18 U.S.C. § 4246. These determinations by the Court have triggered Mr. West's legal right to immediate and unconditional release from custody, both under the constitutional mandate expressed in *Jackson v. Indiana,* and under the procedural scheme set forth in 18 U.S.C. §§ 4241 and 4246. Based on the Court's findings, the Court has no other option at this point but to release the defendant from custody forthwith.

Defendant's present position is ripe for a writ of habeas corpus. This is especially so since no serious events have taken place factually to the contrary, and no certificate of dangerousness has been issued. Defendant's constitutional and statutory rights have been violated since November of 2005.

## CONCLUSION

Defendant Mr. West moves this Honorable Court to reconsider and reinstate a hearing for release and conditions of release that occurred on January 19, 2006, and for any other and additional relief that this Court shall deem proper.

Respectfully submitted this 25th day of January, 2006.

                WALTER L. GERASH LAW FIRM, P.C.

                **s/ Walter L. Gerash**
                Walter L. Gerash
                1439 Court Place, Denver CO 80202
                PH: 303-825-5400
                ATTORNEYS FOR DEFENDANT

*Original signature on file at the*
*Walter L. Gerash Law Firm, P.C.*

### Certificate of Service

The undersigned hereby certifies that on the 25th day of January, 2006, she has electronically filed the above and foregoing: **DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY**
with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing, via e-mail, to the prosecuting attorney, as follows:

James Hearty, Esq.
Assistant United States Attorney     (FAX) 303-4540403
1225 – 17TH Street, Suite 700
Denver, CO 80202

A courtesy copy of this document was also e-mailed this 25th day of January, 2006, to Judge Wiley Y. Daniel, at: Daniel_Chambers@cod.uscourts.gov

Dated: January 25, 2006        s/ Marjorie Reinhardt
*Original signature on file at the*
*Walter L. Gerash Law Firm, P.C.*