-1-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 03-CR-00128-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANA WEST,

      Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court on Defendant's Motion for Release from Custody and Conditions of Release filed January 25, 2006.  The motion requests that the Court reconsider and reinstate a hearing for release and conditions of release.  Defendant asserts that release is proper because the Court has held that Defendant is not competent to stand trial, and that there is no substantial probability that he will attain the capacity to stand trial in the future.  Further, a certificate of dangerousness has not been filed with the Court as required to further hold Defendant pursuant to 18 U.S.C. § 4246.

Defendant's Motion for Release from Custody and Conditions of Release is denied without prejudice.  I find, based on the most recent psychiatric examination, that there is reasonable cause to believe that Defendant's mental condition may have changed and that he may not be presently suffering from a mental disease or defect rendering him mentally incompetent within the meaning of 18 U.S.C. § 4241.  The Supreme Court has stated that "a trial court must always be alert to circumstances suggesting a change that

-1-

would render the accused unable to meet the standard of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975); *see also Harris v. Kuhlmann*, 346 F.3d 330, (2d Cir. 2003) ("'incapacity or incompetence to stand trial can come and go' and finding that 'a defendant may be incompetent at one point and but competent later on . . . .'") (quotation omitted). "The decision whether to grant a second competency exam is a matter wholly within the sound discretion of the trial court." *United States v. Prince*, 938 F.2d 1092, 1095 (10th Cir. 1991).

Accordingly, as Defendant is aware, by Order filed January 20, 2006, I granted the Government's Motion for Commitment of Defendant for Additional Reasonable Period of Time for Restoration to Competency under 18 U.S.C. § 4241(d)(2)(A). An Order recommitting Defendant for a competency evaluation was electronically filed by the Court today. Pursuant to that Order, the Defendant is only recommitted for a reasonable period, not to exceed thirty (30) days, in which the examination must take place after the psychiatrist has been selected. I further ordered that this examination take place in the metropolitan Denver area, and a hearing is going to be set on the issue of competency within a reasonable period of time. Finally, in light of this order, I deferred ruling on the issue of whether Defendant should be released pursuant to 18 U.S.C. § 4246.

I am aware that Defendant has been in the custody of the Attorney General for some time for purposes of a determination of competency and dangerousness under 18 U.S.C. §§ 4241 and 4246. I am further aware that Defendant is complaining about the length of time he has been in such custody. Accordingly, I have taken steps to ensure that this recommitment is expedited so that the determination of competency can be determined once and for all within a reasonable time frame. To that end, defense counsel

-3-

is encouraged to work with the Government to promptly select the licensed psychiatrist who will be appointed so that the competency evaluation can proceed expeditiously. However, the request that Defendant be released is not proper at this time until the issue of competency has been determined.  If the latest psychiatric evaluation confirms the Court's previous holdings that Defendant is not competent within the meaning of 18 U.S.C. § 4241 and that there is not a reasonable probability that Defendant will attain the capacity to proceed to trial, Defendant may renew his motion for release and the Court will hold a prompt hearing on the issue.

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Release from Custody and Conditions of Release is **DENIED WITHOUT PREJUDICE**.

Dated:  January 31, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge