IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.   03-cr-000128-WYD

United States of America,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTERS TO THE COURT**

    The United States of America, by Assistant United States Attorney James O. Hearty, hereby responds to the defendant's letters to the Court filed April 13, 2006 and April 17, 2006 in accordance with the Court's Minute Orders.

1.    By Order dated January 31, 2005, the Court ordered that the defendant undergo a competency examination finding that there was reasonable cause to believe that the defendant's mental condition may have changed and that he may not be presently suffering from a mental disease or defect.

2.    By Order dated February 15, 2006, the Court designated Dr. Frederick Miller as the Court-appointed psychiatrist to conduct the competency examination.

3.    The Court was informed by Dr. Miller that he was unable to conduct the competency examination because the defendant "opted not to participate" in the examination unless Dr. Miller agreed to the defendant's unworkable terms.

4.      By Order dated March 31, 2006, the Court Ordered that the defendant "shall participate in an examination with Dr. [Miller] and shall cooperate with him without the conditions Defendant sought to impose on Dr. [Miller]."  The Court further ordered that the issue of the defendant's competency cannot be determined until the examination takes place.

5.      By letter filed April 13, 2006, the defendant states that he received the Court's Order directing him to cooperate, demonstrates that he understands the Order, but states, essentially, that he will not comply with it.  He then asks that the Court reaffirm its prior ruling of incompetency which, he says, will culminate in his immediate release.  He goes on to request that all charges be dropped so that he can go on with his life.

6.      The defendant is flouting this Court's lawful Order in order to manipulate the competency determination process to his advantage.  That is, the defendant believes that so long as the Court's prior finding of incompetency is not changed, he will be released and not prosecuted for the crimes he is charged with committing.  By not cooperating with the ordered competency evaluation, the defendant seeks to ensure that a different competency finding is not made.

7.      The government persists in its position that the competency examination ordered by the Court be conducted so that the Court has the benefit of the results in determining how to proceed in this case.

8.      Refusal to comply with this Court's lawful order constitutes civil contempt.  Civil contempt is a sanction to enforce compliance with an order of the court.  *See Law v. Nat'l Collegiate Athletic Assoc.*, 134 F.3d 1438, 1442 (10th Cir. 1998).  Judicial sanctions in civil contempt proceedings may be employed to coerce the defendant into compliance with the Court's Order.  *Id.*   Sanctions, like continued imprisonment, are appropriate for civil contempt "as coercive sanctions to compel the contemnor to do what the law made it his duty to do."  *Penfield Co. of California v. SEC*, 330 U.S. 585, 590 (1947).

9.      In an attempt to find a possible solution to the defendant's refusal to cooperate, undersigned government counsel has conferred with defense counsel and Dr. Miller.  Undersigned counsel inquired whether it would be workable to have the defendant's civil attorney, Jeffrey Villanueva, who the defendant apparently has a good relationship with, sit in during the competency evaluation to accommodate, in part, the defendant's conditions.  Defense counsel expressed no objection to the proposal and Dr. Miller stated that he is willing to attempt to conduct the examination with Mr. Villanueva being present to allow the examination to move forward.  The parties are currently attempting to coordinate proceeding with the examination in this manner.

10.     Finally, for the Court's information, enclosed herein as attachment one, is a copy of a letter undersigned counsel received from the defendant on April 14, 2006.  A copy of the attached letter was forwarded to defense counsel and Dr. Miller.

Dated:  April 21, 2006

Respectfully submitted,

WILLIAM J. LEONE
United States Attorney

s/ James O. Hearty
By:  James O. Hearty
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
(303) 454-0100
F: (303) 454-0403
james.hearty@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on this __21st__ day of April, 2006, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTERS TO THE COURT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Walter L. Gerash, Esq.
  linda@waltergerash.com, wlg@waltergerash.com


            s/ James O. Hearty
            United States Attorney's Office
            1225 Seventeenth Street, Suite 700
            Denver, CO  80202