IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Case No.  03-cr-000128-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

---

## ORDER

---

THIS MATTER comes before the Court in connection with a review of the file in readiness for the upcoming competency hearing set Wednesday, April 26, 2006, at 2:00 p.m.  As the parties are aware, I ordered a further competency examination to occur by Order filed January 31, 2006.  By Order of February 15, 2006, Dr. Frederick Miller was selected by me to conduct the examination, a psychiatrist I note was proposed by defense counsel.

As noted in an Order filed March 31, 2006, I received a letter dated March 27, 2006, from Dr. Miller stating that Defendant "opted not to participate" in the competency examination unless Dr. Miller agreed to Defendant's terms, and that Dr. Miller could not agree to those terms.  Defendant was ordered to participate in the competency examination and to cooperate with Dr. Miller without the conditions Defendant sought to impose.[1]  It was also ordered that the competency examination proceed expeditiously,

---

[1] The Order mistakenly referred to Dr. Miller in places as Dr. Frederick.

so that the competency hearing set next week could proceed.  Finally, the Order of March 31, 2006, specifically stated that the issue of Defendant's competency and whether Defendant can be released from custody cannot be determined until the examination takes place and Dr. Miller is able to render a report.

Since the filing of that Order, four pro se letters have been received from Defendant.  A fifth letter from Defendant was attached to the Government's response.  Defendant's letter filed April 13, 2006, states that Defendant is in receipt of the Order and is "not in a position to be able to fulfill" the Order."  *See* Letter at 3.  Defendant requests, among other things, that the issue of competency be determined at the hearing, that he be allowed to testify and present witnesses on the issue of competency, that he be released from custody, and that the case be dismissed.

Since the filing of Dana West's initial letter on April 13, 2006, there has been a flurry of activity between Defendant and counsel in this case as to the issue of Defendant's competency (or lack thereof) and what accommodation can be made to ensure that the competency hearing go forward.  The Government's response to Defendant's letters filed today states that Mr. Hearty has conferred with defense counsel and Dr. Miller as to whether it would be workable to have Defendant's civil attorney, Jeffrey Villanueva, sit in during the competency examination to accommodate Defendant's request to have a third party present during the examination.  In other words, it appears that the parties are working towards some sort of accommodation to Defendant's requests so that the competency hearing can proceed.

The upshot of all these filings is that Defendant's competency cannot be determined at the upcoming hearing set April 26, 2006, since a competency evaluation has not been conducted despite my Orders.  Instead, I will hear the parties' positions as to what procedure or mechanism needs to be employed to ensure the competency evaluation be conducted expeditiously.  I will also hear at that time the Government's request that the Court impose civil contempt sanctions against Defendant.  Defendant's requests in his letters that he be allowed to testify as to the issue of competency or present witnesses is denied without prejudice, since I am not in a position to determine competency at this time due to Defendant's actions.  Finally, I reiterate my ruling in the Order filed March 31, 2006, that I will not consider the issue of Defendant's release until the competency examination has occurred.

Accordingly, it is

ORDERED that the hearing set for Wednesday, April 26, 2006, is converted from a competency hearing to a hearing as to what mechanism or procedure the Court needs to adopt to have the competency hearing go forward and whether civil contempt sanctions should be imposed.  It is

FURTHER ORDERED that Defendant's request in his letters that he be released will not be heard until the competency examination is conducted and a report rendered by Dr. Miller.

Dated: April 21, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge