IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.   03-cr-000128-WYD

United States of America,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

---

**GOVERNMENT'S MOTION TO CONDUCT
DANGEROUSNESS HEARING PURSUANT TO 18 U.S.C. § 4246(c)**

---

The United States of America, by Assistant United States Attorney James O. Hearty, hereby moves the Court to hold a hearing to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of dangerousness pursuant to 18 U.S.C. § 4246.  In support the government states the following:

1.    The Court conducted a competency hearing on April 26, 2006.  At the hearing, the Court-designated psychiatrist, Dr. Frederick Miller, testified that based on his evaluation, he diagnosed the defendant as suffering from the mental disease of Delusional Disorder, Grandiose Type.  Dr. Miller opined that as a result of the mental disease, he believes that the defendant is incompetent in that he is unable to assist properly in his defense.  Dr.

Miller testified further that in his opinion there is not a substantial probability that the defendant will become competent in the foreseeable future.

2.      Although the Court has not ruled on the defendant's competency, the government anticipates that the Court will find that the defendant is presently incompetent.

3.      Under 18 U.S.C. § 4241, a defendant who is not competent to proceed to trial and will not be competent any time in the near future, is subject to the provisions of § 4246. 18 U.S.C. § 4241(d).  *See also United States v. Trillo-Cerda*, 244 F.Supp.2d 1065, 1068 (S.D. Cal. 2002).

4.      The purposes underlying the federal mental health statutes in Title 18 is the concept of protection to society as well as the preservation of the rights of an accused person.  Section 4246 implicates "important federal concerns of protecting society from dangerous criminal defendants and controlling and treating dangerous persons within the federal criminal justice system who are incompetent to stand trial."  *United States v. Sahhar*, 56 F.3d 1026 (9th Cir 1995).

5.      Here, the Court has not made a finding as to future dangerousness of the defendant if he is released.  The Court ordered that the defendant be committed to the custody of the Attorney General for a psychiatric evaluation under 18 U.S.C. § 4246 to determine whether the defendant was suffering from a mental disease or defect as a result of which his release would create a substantial risk of dangerousness.  The first evaluation, performed at the Federal Medical Center in Springfield, Missouri (FMC-Springfield),

concluded that it was unclear whether the defendant was suffering from a mental disease or defect but that he was clearly dangerous. Due to the ambiguity in the Springfield Report, the Court ordered a subsequent evaluation under § 4246 which was conducted at FMC-Butner. The Butner evaluation concluded that the defendant was not suffering from a mental disease or defect and therefore, is not subject to civil commitment under § 4246.

6.  If the Court adopts the recent diagnosis of Dr. Miller, the Court will have found that the defendant is suffering from a mental disease. The question remaining under § 4246, which by statute is a determination for the Court, is whether the release of the defendant would create a substantial risk of dangerousness. "To warrant commitment under 18 U.S.C. § 4246, the government must demonstrate, by clear and convincing evidence: (1) a mental disease or defect; (2) dangerousness if released; and (3) the absence of suitable state placement." *United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002) (internal quotation marks omitted). "Additionally, the statute requires a direct causal nexus between the mental disease or defect and dangerousness." *Id.*

7.  The difficulty under the procedural posture of this case is the requirements of § 4246(a). "That provision specifies the procedures which are to be followed *before* a section 4246 commitment hearing is held." *United States v. Baker*, 807 F.2d 1315, 1323 (6th Cir. 1986) (emphasis in original). Section 4246(a) sets forth a preliminary procedural step that initiates a civil commitment hearing. This provision is procedural rather than substantive. The purpose of the certificate requirement is (1) to provide notice

to the defendant "that a commitment hearing will be held in the future and what the basis for that hearing is" (*Baker* at 1323); and (2) to "stay the release of the [defendant] pending completion of procedures contained in [section 4246]" (18 U.S.C. § 4246(a)).

8.   In *United States v. Baker*, cited above, the Sixth Circuit held that the district court lacked statutory authority to commit the defendant and deprived him of his liberty without due process by failing to adhere to the procedures outlined in section 4246.  *Id.* at 1324.  The crux of the *Baker* court's reasoning was that the defendant did not know that the hearing the district court conducted was a civil commitment hearing.  *Id.* at 1321-23.  Prior to the hearing the government had filed a motion to dismiss charges and no certificate pursuant to section 4246(a) had been issued.  *Id.*  The court found that the defendant did not received constitutionally adequate notice of the claims which he had to defend against and was therefore not given a meaningful opportunity to challenge the government's evidence at the commitment hearing.  *Id.* at 1323.  The court also held that because no certificate was filed, the district court did not consider whether suitable arrangements for State custody and care of the defendant were available.

9.   In this case, the Court could ensure that the defendant receives adequate notice of the commitment hearing in its order setting the hearing.  As to suitability of state placement, the Court could order the Bureau of Prisons to investigate whether suitable arrangements for State custody and care are available and to file a report with the Court advising the Court of the results of its investigation.

10. In *United States v. Trillo-Cerda*, the district court wished to conduct a commitment hearing under section 4246 but a certificate had not been issued and the defendant had been returned the district court's custody. 244 F.Supp.2d 1065 (S.D. Cal. 2002). The district court ordered that the Federal Medical Center in Springfield shall advise the court whether it has enough information, based on the information already gathered, to make a determination of whether the defendant is dangerous under section 4246. Id. at 1070. The Court went on to order:

> If USMC-Springfield does not have sufficient evidence in its possession to make this determination, it is to advise the court whether it needs information about the defendant since his return to San Diego. If the court is so advised, the court will order that MCC forward any recent information it has on the defendant. If USMC-Springfield advises the court that is must observe defendant in person to determine whether he is presently dangerous, the court will order that defendant be returned to USMC-Springfield.

*Id*.

11. The government believes that the release of the defendant will create a substantial risk of dangerousness to society based, in part, on the following:

- Dr. Miller's diagnosis, report, and testimony;
- the violent nature of the charged offense and the strength of government's evidence of those crimes;
- tape-recorded conversations of the defendant related to blowing-up the government and inquiring about the cost of hiring someone to kill a judge;
- several inmates providing information to the government during the defendant's incarceration in this matter about the defendant inquiring about hiring someone to kill a former attorney and Judge Daniel; and
- the defendant's threatening letter to undersigned government counsel.

Overt acts of violence are not required to demonstrate dangerousness under section 4246. Violent delusions and threats are sufficient to prove dangerousness, even though the defendant never had the opportunity to act on them. *United States v. Steil*, 916 F.2d 485, 487-88 (8th Cir. 1990).

WHEREFORE, the government respectfully requests that the Court conduct a commitment hearing regarding the future risk of dangerousness of the defendant if released pursuant to 18 U.S.C. § 4246.

Dated:  April 27, 2006                    Respectfully submitted,

WILLIAM J. LEONE
United States Attorney

s/ James O. Hearty
By:  James O. Hearty
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
(303) 454-0100
F: (303) 454-0403
james.hearty@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this   27st    day of April, 2006, I electronically filed the foregoing **GOVERNMENT'S MOTION TO CONDUCT DANGEROUSNESS HEARING PURSUANT TO 18 U.S.C. § 4246(c)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Walter L. Gerash, Esq.
    linda@waltergerash.com, wlg@waltergerash.com


                                  s/ James O. Hearty
                                  United States Attorney's Office
                                  1225 Seventeenth Street, Suite 700
                                  Denver, CO  80202