IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 03-cr–00128-WYD

UNITED STATES OF AMERICA

v.

DANA WEST,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court in connection with a hearing held on April 26 and 27, 2006, to determine the defendant's competency as defined in 18 U.S.C. § 4241. Also heard at the hearing was the Government's Motion for Dangerousness Evaluation filed April 26, 2006. This Order addresses rulings made at the hearing as well as Defendant's Motion for Forthwith Release from Custody filed May 1, 2006.

    The relevant procedural history of this case is summarized as follows. The Criminal Complaint was filed on March 7, 2003, charging the defendant with a single count of violation of 18 U.S.C. § 373. An Amended Complaint was filed on March 10, 2003. An indictment was filed on March 26, 2003. The indictment charges that Defendant (1) knowingly solicited, commanded, induced and otherwise endeavored to persuade another person to damage and destroy by means of explosive materials real property used in and affecting interstate commerce; to wit, the Denver City and County Building, under circumstances strongly corroborative of Defendant's intent that the other person damage and destroy such building, in violation of 18 U.S.C. § 373; and (2) maliciously attempted

to damage and destroy the Denver City and County Building by means of explosive materials in violation of 18 U.S.C. § 844(i).

On April 15, 2003, the defense filed a Notice of Insanity Defense pursuant to FED. R. CRIM. P. 12.2. On May 1, 2003, the Government filed a Motion for Pretrial Psychiatric and Psychological Examination. On May 8, 2003, the defense filed a Motion to Determine Competency and for Stay of Proceedings, as provided by 18 U.S.C § 4241(a). In this motion, the defense raised the issue of Defendant's competency to proceed, and requested that a hearing be set pursuant to 18 U.S.C. § 4247(b). In response to this motion, a hearing was held on June 10, 2003. By Order dated June 13, 2003, the Court issued an Order for a psychiatric and psychological examination of Defendant. In this order the Court directed pursuant to 18 U.S.C. § 4241(b) that a psychiatric or psychological evaluation of Defendant be conducted to determine his competency.

By Report dated June 24, 2004, the Mental Health Department at the Federal Medical Center at Butner, North Carolina, issued a report stating that Defendant was competent to stand trial and was not felt to be an imminent risk of harm to himself or others. A Certificate of Restoration of Competency to Stand Trial was also submitted.

This report contrasted with the report issued by Dr. Peter Mayerson, the psychiatrist retained by defense counsel. Dr. Mayerson rendered an opinion on June 22, 2003, that Defendant suffers from "severe Paranoid Type of Schizophrenia," and was not competent. Dr. Mayerson supplemented his report on October 28, 2004. He stated that his "primary diagnostic impression of Schizophrenia, Paranoid type is unchanged" and that in his

professional opinion, "Mr. West's psychological cohesiveness has deteriorated . . . and he is even now more incompetent to stand trial."

On October 16, 2003, the defense and the Government filed a Joint Status Report and Joint Motion for Commitment Order. In the joint motion, the parties stipulated that the Defendant was incompetent, and moved that the Court direct the Defendant be hospitalized and evaluated in accordance with 18 U.S.C. § 4241(d)(1).

In response to the parties' joint motion, on October 21, 2003 the Court issued a Commitment Order pursuant to 18 U.S.C. § 4241(d)(1). In this Order, the Court directed Defendant to be committed to the custody of the Attorney General to be hospitalized and evaluated for the purpose of determining whether there was a substantial probability that in the foreseeable future Defendant would attain the mental capacity to permit the trial to proceed.

On November 16, 2004, the Court held a hearing to determine the issues to be decided under 18 U.S.C. § 4241(d). At this hearing, the Court found that Defendant's mental condition had not so improved as to permit the trial to proceed.

On November 24, 2004, the Court issued an Order for Psychiatric and Psychological Examination of the Defendant pursuant to 18 U.S.C. § 4246. In this Order the Court found that Defendant was incompetent, and that Defendant's mental condition had not so improved during the time of his evaluation and treatment under 18 U.S.C. § 4241(d) to permit the trial to proceed. The Court found accordingly that Defendant was subject to the commitment provisions of 18 U.S.C. § 4246. The Court directed that Defendant be committed to the custody of the Attorney General for a psychiatric or

psychological examination, for the purpose of determining whether he was presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of serious bodily injury to another person or serious damage to property of another.

A psychiatric evaluation by the United States Medical Center for Federal Prisoners in Springfield, Missouri was sent to the Court in January 2005. The Springfield facility was unable to determine whether or not Defendant was suffering from a mental disease or defect. This was found to be due, at least in part, to the Defendant's lack of cooperation in the process. However, that facility also found that if Defendant does suffer from such a disease or defect, placing him under 18 U.S.C. § 4246, then Defendant's release would constitute a substantial risk of serious bodily injury to another person or serious damage to the property of another. Since the first prong for commitment was not found, no certificate was issued pursuant to 18 U.S.C. § 4246.

On March 24, 2005, an Addendum was submitted by the Springfield facility. The Addendum stated that Defendant is dangerous, either because of an Axis I psychotic disorder that the facility could not conclude with certainty existed but that Dr. Mayerson found or because of an Axis II narcissistic personality disorder that the Springfield facility diagnosed. Again, however, no certificate was issued under § 4246.

On June 2, 2005, the Court issued an Order for Additional Psychiatric and Psychological Examination of the Defendant pursuant to 18 U.S.C. §§ 4246 and 4247(b). In that Order, the Court again committed Defendant to the custody of the Attorney General

for the purposes of an evaluation pursuant to 18 U.S.C. § 4246, based upon a finding that Defendant had failed to sufficiently cooperate in the previous evaluation.

On August 19, 2005, a Forensic Evaluation of the Mental Health Department of the Federal Medical Center in Butner, North Carolina was issued.  It found that Defendant was not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.  This conclusion was based on the fact that Defendant was found not to meet the first criteria for § 4246, *i.e.* he did not suffer from a mental disease or defect. While Defendant was found to have a personality disorder - Narcissistic Personality Disorder, with Schizotypal and Obsessive-Compulsive features, this diagnosis was not considered to be a mental disease or defect for purposes of competency.  As a result, this evaluation also did not result in a certification of dangerousness being submitted as provided by 18 U.S.C. § 4246(a).

By Order dated November 10, 2005, the Court set a hearing on the issue of Defendant's release from custody for January 19, 2006.  At the January 19, 2006 hearing, the Court, citing indications that Defendant may have regained competency, directed that Defendant again be evaluated for competency under 18 U.S.C. § 4241.  The Court subsequently selected Frederick Miller, M.D., a psychiatrist recommended by defense counsel, to perform the  competency evaluation.  The Court held a competency hearing on April 26, 2006.

Dr. Miller opined in a letter dated April 22, 2006, and through testimony at the April 26, 2006, hearing that Defendant suffers from a Delusional Disorder, Grandiose Type,

colloquially referred to as Megalomania.  He further opined that while Defendant is able to understand the charges against him and has extensive, factual knowledge about the criminal justice process, he seems unable to use this knowledge reliably, productively or rationally.  As a result, Dr. Miller opined that Defendant's capacity to assist counsel is compromised and that Defendant could not competently represent himself pro se.

At the hearing, the Court considered Dr. Miller's written opinions, heard testimony from Dr. Miller and Defendant, and considered the arguments of counsel.  The undisputed medical evidence at the hearing from Dr. Miller is that Defendant is not competent to stand trial, because he is not able to assist in his defense.  Based on the opinion of Dr. Miller, I find that Defendant remains incompetent, in that he suffers from a mental disease or defect as a result of which he is unable to properly assist in his own defense.

I further find that civil commitment proceedings are not appropriate since no certificate has been issued as required by 18 U.S.C. § 4246.  Since no certificate was issued, I find that I have no authority to conduct a hearing on the issue of dangerousness. *See United States v. Moses*, 106 F.3d 1273, 1280 (6th Cir. 1997) ("the responsibility for filing a certificate under § 4246(a) lies with the director of the facility in which the convicted person is hospitalized, and . . . it is not within the statutory authority of either the Government or of the district court to initiate § 4246 proceedings").  Accordingly, I deny the Government's Motion to Conduct a Dangerousness Hearing Pursuant to 18 U.S.C. § 4246(c).

Since Defendant is incompetent to stand trial, but has not been found to be dangerous within the meaning of 18 U.S.C. § 4246, I find that Defendant must be released.

*See United States v. Ecker*, 78 F.3d 726, 728 n. 1 (1st Cir. 1996) (if a defendant is not committed under § 4246, "the defendant is released"); *see also United States v. Weed*, 389 F.3d 1060, 1067 (10th Cir. 2004) ("[t]he committed acquittee is entitled to release when he has recovered his sanity or is no longer dangerous"). Accordingly, Defendant's Motion for Forthwith Release From Custody filed May 1, 2006, is granted, subject to the conditions outlined in this Order.

While Defendant is to be released, I do not dismiss the indictment at this time. The indictment remains pending. *Ecker*, 78 F.3d at 728-29; *see also Greenwood v. United States*, 350 U.S. 366, 375 (1956) (holding that "the pending indictment persists" even after the defendant has been committed as dangerous).

Finally, I ordered the parties to provide authority on whether Defendant could be released subject to conditions pursuant to 18 U.S.C. §§ 3142. No authority was provided on this issue. I find that Defendant is subject to release with appropriate conditions as contemplated by § 3142. While I do not believe such conditions can include detention under § 3142(e), such conditions should, at a minimum, include a requirement that Defendant be required to have periodic mental health assessments to determine whether he has been or can shortly be restored to competency.

Based upon the foregoing, it is ORDERED as follows:

1. The Pre-Trial Services Division of the U.S. Probation Office was directed at the hearing on April 26, 2006, to investigate whether or not there exist any active warrants, detainers or other valid orders in connection with other pending criminal matters, mandating custody of the defendant in those

        matters. Pre-trial services provided a report to the Court on May 1, 2006, regarding the results of its investigation, which indicated that two other pending charges against Defendant had been dismissed and that Defendant had no other pending charges or outstanding warrants.

2. Accordingly, Defendant's Motion for Forthwith Release from Custody filed May 1, 2006, is **GRANTED**, subject to conditions being imposed in accordance with 18 U.S.C. § 3142. These conditions may not include detention, but must include, at a minimum, a requirement that Defendant be required to have periodic mental health assessments to determine whether he has been or can in the foreseeable future be restored to competency. Accordingly, either before Defendant's release from custody or within a reasonable time thereafter, a hearing shall be conducted by a magistrate judge to determine what conditions shall be imposed on Defendant's release pursuant to 18 U.S.C. § 3142. Pretrial Services is directed to prepare a report advising the Court on this issue. Counsel for the parties are ordered to obtain a date for this hearing at the earliest possible time.

3. The Government's Motion for Dangerousness Evaluation filed April 26, 2006, is **DENIED**.

Dated: May 1, 2006

                                  BY THE COURT:

                                  s/ Wiley Y. Daniel
                                  Wiley Y. Daniel
                                  U. S. District Judge