

# MEMORANDUM

To: James Hardy
    Assistant U.S. Attorney

From: Probation Office

Date: August 17, 2006

Re: Dana **WEST**　　　　　　　　　　**STATUS REPORT/SUMMONS**
    Docket No. 03-cr-00128-WYD　　　**REQUEST**

Defendant released from custody on June 6, 2006, to pretrial supervision under the standard and special conditions imposed by the Court.

Pursuant to his home detention special condition, the defendant has been required to remain at his residence except for medical appointments, court appearances, attorney visits, religious services and activities deemed appropriate by his supervising officer. The defendant's regularly occurring schedule allows two hours each Friday for grocery shopping, banking or other errands; ten minutes each day to pick up his mail and remove his trash; and an hour and a half for laundry each Thursday. Otherwise, defendant is to remain in his residence and cannot leave on Sundays.

Defendant has accrued the following violations: Defendant left his residence without authorization numerous times on July 24, 2006, as follows: 6:25 p.m. until 6:40 p.m.; 6:42 p.m. until 7:07 p.m.; and 9:41 p.m. until 9: 53 pm. When I spoke to the defendant about these violations, he admitted he went out of range, but stated he was assisting an electrician at his apartment with electrical problems. I called the electrical company that serviced defendant's apartment and spoke to Sean Lewis of Lewis Electric. Mr. Lewis confirmed that defendant's power went out early in the evening and he was not called until later. He arrived at approximately 10:00 p.m. and restored power after working on the main breaker to the apartment. Mr. Lewis said that a friend of defendant's showed him where the breaker to the apartment was and he did not require defendant's assistance to restore power.

On July 26, 2006, the defendant left his residence without authorization as follows: 9:59 p.m. until 10:08 p.m. and 11:30 p.m. until 11:37 p.m. The defendant admitted to me that he went to the curb of his apartment complex and talked to a friend.

As a result of these violations, I removed the defendant's shopping schedule for one day on July 28, 2006, and directed him to stay in his residence. The defendant complied.

On Thursday July 27, 2006, I conducted surveillance of the defendant at his residence to confirm his compliance with his home detention requirements. Defendant has a schedule on Thursdays from 5:30 p.m. until 7:00 p.m. to utilize the laundry room located on the first floor of his apartment complex. He was given this time to work around other tenants that may be using the facilities and to take his laundry back and forth to his apartment. Defendant was told that

he was to use this time for laundry only and he could not leave the premises. I arrived at his residence at 5:20 p.m. and set up observation down the street in the front of his apartment. At 5:45 p.m., I called BI monitoring and they confirmed defendant went out of range of his apartment at 5:35 p.m. However, at this time I realized that defendant likely utilized the rear entrance of his apartment to leave. I then checked the laundry room at his building and there was no laundry in either machine. When the defendant returned to his residence at 6:55 p.m., he had no laundry with him.

On Thursday August 3, 2006, Supervising Officer Richard Vaccaro and I conducted surveillance at the defendant's residence to confirm his compliance with his home detention requirements. Officer Vaccaro parked on East Colfax Avenue and I parked behind the defendant's apartment building. Officer Vaccaro observed the defendant walking west on East Colfax Avenue at approximately 5:35 p.m. After Officer Vaccaro observed the defendant, I moved to East Colfax Avenue and we continued our surveillance from different vehicles. We then observed the defendant enter various stores on East Colfax Avenue and return to his residence at 6:35 p.m. We discontinued our observations and left the area. Defendant was not doing his laundry.

Defendant also left his residence without authorization on Saturday, August 12, 2006, from 11:08 p.m. until 11:16 p.m. Defendant did not have a schedule for this time period. I have not spoken to the defendant about this violation.

At my direction, the defendant reported to our office on August 10, 2006, to meet with me and Supervising Officer, Richard Vaccaro to address his ongoing accountability violations. Defendant did not deny our accusations of his unauthorized activities. During this meeting, we asked the defendant if he was willing to agree to have his conditions of bond modified to include electronic monitoring with Global Positioning System (GPS), based on his violations. Defendant said he did not want to be placed on the GPS system as he felt it was too intrusive. We honored the defendant's request for time to speak to his attorney, Mr. Scherer, and we gave him until 2:00 p.m. on August 11, 2006, to provide a response.

During a home contact with the defendant on August 11, 2006, he said he had not spoken to his attorney, was trying to arrange that meeting, and asked for more time to speak to Mr. Scherer. This request was granted. I called Mr. Scherer's office on August 15, 2006, and was told that he was out of the country for two weeks. I do not know if the defendant and Mr. Scherer ever spoke regarding this matter. Defendant called me on August 15, 2006, on conference call with his civil attorney, Mr. Villanueva. I told both the defendant and Mr. Villanueva, that I could not talk to them about this issue as Mr. Villanueva was not the attorney of record. I then spoke to defendant's other attorney of record, Walter Gerash, and informed him of the violations and our plans to address them. I told Mr. Gerash that I would be asking the Assistant U.S. Attorney to request a Court date to address the issue of placing defendant on GPS monitoring. Mr. Gerash agreed that the Court should make such a determination.

At this point we feel that it is appropriate to request that the Court be notified of the defendant's ongoing home detention violations and that a hearing be scheduled to address them. To provide closer supervision of the defendant, we recommend that defendant be placed on home detention/electronic monitoring with GPS capabilities.

Respectfully submitted,

Rod Waldo
Senior Probation Officer
(303) 335-2465

APPROVED:

Richard Vaccaro
Supervising Probation Officer
(303) 335-2420

cc:   Michael J. Watanabe
      Magistrate Judge