UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 03-CR-00128-WYD

UNITED STATES OF AMERICA

v.

DANA WEST

        Defendant.

---

**SUPPLEMENT TO DEFENDANT'S OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE MICHAEL WATANABE ON MARCH 26, 2007**

---

The Defendant, Abraham, a/k/a Dana West, through counsel, the WALTER L. GERASH LAW FIRM, P.C., and the LAW OFFICE OF JAMES F. SCHERER, P.C., supplements his objection to the findings, recommendations and orders entered by Magistrate Judge Michael J. Watanabe at the March 26, 2007 detention hearing held in this case as follows:

**FACTUAL BACKGROUND**

This case originally was filed in March 2003, and the defendant was placed in custody at that time. The issue of the defendant's competency was raised by the defense early in the case. This initiated a series of psychiatric evaluations and hearings under 18 USC §§4241 and 4246. On October 21, 2003, the Court issued a commitment order pursuant to 18 USC §4241(d)(1). In its Order, the Court found, based upon the stipulation of the parties, that the defendant was incompetent. The Court directed that the defendant be committed to the custody of the Attorney General to be hospitalized and evaluated for the purpose of determining whether there was a substantial probability that in the foreseeable future the defendant would attain the mental

capacity to permit the trial to proceed. On November 16, 2004, after report of this evaluation had been submitted, the Court held a hearing to determine the issues to be decided under 18 USC §4241(d). Based upon the evidence offered at this hearing, the Court on November 24, 2004 issued an order for psychiatric or psychological examination of the defendant pursuant to 18 USC §4246. In this order, the Court found again that the defendant was incompetent, and found that the defendant's mental condition had not so improved during the time of his evaluation and treatment under 18 USC §4241(d) to permit the trial to proceed. The Court found accordingly that the defendant was subject to the commitment provisions of 18 USC §4246. The Court accordingly directed that the defendant be committed to the custody of the Attorney General for a psychiatric examination, for the purpose of determining whether he was presently suffering from mental disease or defect as a result of which his release would create a substantial risk of serious bodily injury to another person or serious damage to property of another.

The Court conducted a subsequent hearing on April 26 and 27, 2006 and, based upon the evidence and findings made at that hearing, the Court issued an Order on May 1, 2006. In its Order, the Court found that the defendant remained incompetent. The Court noted that the psychological evaluation which the Court had ordered had not resulted in the issuance of a certificate of dangerousness under 18 USC §4246(a), and accordingly found that civil commitment proceedings under 18 USC §4246(c) were inappropriate.

The Court found that, since the defendant was incompetent to stand trial, and had not been found to be dangerous within the meaning of 18 USC §4246, the defendant must be released from custody. The Court accordingly directed that the defendant be released. In doing so, the Court elected to order the defendant's release subject to conditions pursuant to 18 USC §3142, the pre-trial release statute. In directed the defendant's release under 18 USC §3142, the

Court found that the conditions of the defendant's release could not include detention under §3142(e), given the Court's findings as to the defendant's incompetency and lack of dangerousness.

Subsequent to the Court's May 1, 2006 Order, Magistrate Judge Watanabe specified the conditions of the defendant's release from custody, as provided by 18 USC §3142(a), and the defendant was released from custody subject to these conditions.

In March 2007, the Government filed a motion requesting that the defendant's pre-trial release be revoked pursuant to 18 USC §3148(b), alleging violations of the conditions of the defendant's release. On March 26, 2007, Magistrate Judge Watanabe held a hearing pursuant to 18 USC §3148(b), and found the defendant to be in violation of the conditions of his pre-trial release. Pursuant to this finding, Judge Watanabe remanded the defendant to custody. The defendant is currently incarcerated at USP Englewood.

The defendant timely filed an objection to Magistrate Judge Watanabe's findings and orders pursuant to 28 USC §636(b)(1)(A). This Supplement is intended to supplement the arguments and authorities set forth in defendant's Objection.

## ARGUMENT

### I.

Magistrate Judge Watanabe's March 26, 2007 Order revoking the defendant's conditional release and returning the defendant to custody is in direct violation of the defendant's right to remain free from detention, as that right is established both by U.S. Supreme Court precedent and by applicable statute. The U.S. Supreme Court addressed the constitutional implications of holding an incompetent defendant in custody indefinitely in *Jackson v. Indiana,* 406 U.S. 715, 92

3

S. Ct. 1845, 32 L.Ed.2d 435 (1972).  In the *Jackson* decision, the Court, citing constitutional due process and equal protection considerations, held as follows:

> ...a person charged by a State with a criminal offense who is committed solely based on his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.  If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

*Jackson v. Indiana, supra,* 92 S. Ct. at 1858.

## II.

**18 USC §§4241 and 4246 track and implement the *Jackson* decision**.  Section 4241(d) provides that, where a defendant has been found to be incompetent to proceed, the court is to direct that the defendant be held and committed for a reasonable period of time for the purpose of evaluation, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the mental capacity to permit the case to proceed.  This section further provides that if, after the period of hospitalization and evaluation provided for, it is determined that the defendant's mental condition has not so improved as to permit the case to proceed, further disposition of the defendant is to be determined under the provisions of 18 USC §4246.

18 USC §4246(a) sets forth the criteria and procedures for commitment of a defendant who has been found to be indefinitely incompetent under 18 USC §4241(d).  Section 4246(a) provides that, if the director of the facility to which the defendant has been committed for evaluation determines that the defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the director is to transmit a certificate so stating to the court in which the defendant's case is pending.  18 USC §4246(b)-(d) provide that if, and only if, such a

4

"certificate of dangerousness" is filed, the court is to hold a commitment hearing at which the Government must show that the defendant meets the dangerous criteria set forth in the statute.

The case law construing and applying 18 USC §4246 confirms that a defendant who has been determined to be incompetent is entitled to release from custody, absent a showing that the defendant is dangerous. In *United States v. Ecker,* 78 F.3d 726, 731 (1st Cir. 1996), the court, citing the *Jackson* decision, held that under 18 USC §4246, an incompetent defendant must be released after the four-month evaluation period provided for in 18 USC §4241(d), if it is found that his recovery is unlikely, absent commitment proceedings under §4246(b)-(d). See also, *United States v. Ferro,* 321 F.3d 756, 762 (8th Cir. 2003), acknowledging an incompetent defendant's right to release from custody, absent a showing of dangerousness under 18 USC §4246.

The Court, in its May 1, 2006 Order, acknowledged the defendant's right to be released from custody, in light of the Court's prior findings and orders regarding the defendant's competency. In ordering the defendant's release, the Court directed that he be released subject to conditions of release pursuant to 18 USC §3142, but no detention. Neither the *Jackson* decision nor §§4241 and 4246 by their terms prohibit a court from making an incompetent defendant's mandatory release from custody subject to 18 USC §3142, and imposing conditions of release pursuant to that statute. The Court accordingly acted within its discretion in electing to impose conditions on the defendant's mandatory release pursuant to §3142, rather than directing the defendant's unconditional release. However, the Court's decision to direct the defendant's release from custody be subject to conditions under §3142 does not affect the defendant's right not to be detained. The Magistrate Judge therefore did not have the option of entering an order of detention under 18 USC §3148(b), regardless of the Magistrate Judge's findings as to the

defendant's violation of the conditions of his release. The Magistrate Judge's March 26, 2007 Order revoking the defendant's conditional release, and directing that he be remanded to custody, is in direct violation of both the Court's Order prohibiting the defendant's detention and the defendant's Constitutional and statutory right not to be held in custody, under the authorities discussed above.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests pursuant to 28 USC §636(b)(1)(A), that this Court reconsider and reverse the Order of the United States Magistrate Judge remanding the defendant to custody.

Respectfully submitted this 23rd day of April, 2007.

>WALTER L. GERASH LAW FIRM, P.C,
>
>By:   **s/ Walter L. Gerash**
>      Walter L. Gerash
>      Telephone: 303-825-5400
>
>LAW OFFICE OF JAMES F. SCHERER, P.C.
>
>By:   **s/ James F. Scherer**
>      James F. Scherer
>      Telephone: 303-825-3340
>
>      1439 Court Place
>      Denver, Colorado 80202
>      FAX: 303-623-2101
>
>      ATTORNEYS FOR DEFENDANT

*(Original signatures on file
in office of attorneys for Defendant)*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2007, I presented the foregoing:

**SUPPLEMENT TO DEFENDANT'S OBJECTION TO ORDER ENTERED BY MAGISTRATE JUDGE MICHAEL WATANABE ON MARCH 26, 2007**

to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

James Hearty, Esq.
Gregory Holloway, Esq.
Assistant United States Attorneys
1225 – 17TH Street, Suite 700
Denver, CO 80202

Dated:  April 20, 2007

s /Jessica Sullivan

*(Original signature on file
in office of attorneys for Defendant)*