UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 03-CR-00128-WYD

UNITED STATES OF AMERICA

v.

DANA WEST

      Defendant.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR REEVALUATION OF COMPETENCY**

---

      The Defendant, Abraham, a/k/a Dana West, through counsel, the WALTER L. GERASH LAW FIRM, P.C., and the LAW OFFICE OF JAMES F. SCHERER, P.C., responds to the Government's Motion for Reevaluation of the Defendant's Competency as follows:

## BACKGROUND

      The issue of the defendant's competency arose early in this proceeding. There have been extensive competency proceedings under 18 USC §§4241 and 4246. The defendant has undergone numerous mental evaluations by US Bureau of Prisons evaluators and by a defense retained psychiatrist, in connection with these competency proceedings. The government and defense evaluations resulted in differing diagnoses and conclusions. The defense examiner, Dr. Peter Mayerson, found the defendant to be incompetent. The Government evaluators, on the other hand, repeatedly found the defendant not to be suffering from any significant mental disease or defect, and found him to be competent to proceed.

The Court after several hearings ultimately found the defendant to be incompetent, and further found that the defendant was unlikely to regain competency in the reasonably foreseeable future. The Court therefore set a hearing to determine the defendant's release from custody, for January 19, 2006. At this hearing, the Court, citing indications that the defendant may have attained competency, directed that the defendant again be evaluated for competency. The Court selected a mental health evaluator from a list provided by the parties. The Court selected Dr. Frederick Miller to perform the evaluation.

Dr. Miller submitted a report, and testified at a competency hearing held April 24, 2006. Dr. Miller found that the defendant suffered from delusional disorder, grandiose type, and that the defendant remained incompetent.

Pursuant to the April 24, 2006 hearing, the Court entered an Order on May 1, 2006, finding the defendant incompetent, and directing his disposition. In its Order, the Court ordered the defendant be released from custody, subject to the imposition of pre-trial release conditions pursuant to 18 USC §3142. The Court referred the case to the magistrate judge to determine the appropriate release conditions. In its Order, the Court <u>directed that the conditions of release could not include detention</u>. The Court further directed that the conditions of release should include a requirement that the defendant undergo periodic assessments to determine whether he could be restored to competency.

Pursuant to the Court's May 1, 2006 Order, the Magistrate Judge conducted a release hearing, at which the Magistrate Judge imposed a number of conditions on the defendant's release. In relevant part, the Magistrate Judge directed that the defendant receive mental health treatment as determined by pre-trial services. The Magistrate Judge did not impose any

requirement that the defendant undergo periodic competency evaluations as a condition of his release.

Shortly after the defendant's release from custody, the US Probation Department, apparently relying on the direction that the defendant undergo appropriate mental health treatment, ordered that the defendant undergo another competency evaluation, which was conducted by Dr. Robert Wolfsohn.  Dr. Wolfsohn submitted a report on his evaluation in August 2006.  In this report, Dr. Wolfsohn opined, as had the other government evaluators before him, that the defendant was competent.

In its pending Motion, the government seeks an Order for yet another competency evaluation of the defendant.  The government, citing the August 2006 report, urges the "necessity" for such an additional evaluation.

## ARGUMENT

The defendant has undergone multiple mental evaluations over the past four years. They were done by government evaluators, a defense retained psychiatrist, and a court-appointed psychiatrist.  Based upon these evaluations, the Court has found the defendant incompetent, and unlikely to regain competency in the reasonably foreseeable future.

The defendant was also evaluated for dangerousness, as provided by 18 USC §4246(a); this evaluation did not result in the issuance of a certification of dangerousness, thereby precluding civil commitment proceedings under §4246(a).

All of the mental evaluations which are provided for and permitted by 18 USC §§ 4241 and 4246 have been conducted, and the Court has made all of the requisite findings under §§ 4241 and 4246, based upon these evaluations.  As discussed in defendant's Supplement to Objection to Magistrate Recommendations, given the Court's findings, <u>the defendant is entitled</u>

3

<u>to immediate release from custody</u>.  The relevant statutes contain no provision for additional competency evaluations.  Further, the government has offered no grounds for conducting another competency evaluation, other than the fact that a government-selected evaluator opined in August 2006 that the defendant was competent.  The additional competency evaluation which the government seeks is not available under applicable law, and the government in any event has not demonstrated a legitimate basis for conducting such additional evaluation.

Should the Court find that there is a legal basis to conduct an additional competency evaluation, and that such an evaluation is warranted, the defense requests that the Court designate Dr. Frederick Miller, the Court-appointed evaluator who performed the last competency evaluation on the defendant, to conduct such an evaluation.  Further, the defendant asserts his constitutional right to immediate release from custody, pending the completion of any such evaluation.

Respectfully submitted this 30th day of April, 2007.

WALTER L. GERASH LAW FIRM, P.C,

By:   **s/ Walter L. Gerash**
*(Original signatures on file*          Walter L. Gerash
*in office of attorneys for Defendant)*  Telephone: 303-825-5400

LAW OFFICE OF JAMES F. SCHERER, P.C.

By:   **s/ James F. Scherer**
      James F. Scherer
      Telephone: 303-825-3340

      1439 Court Place
      Denver, Colorado 80202
      FAX: 303-623-2101

      ATTORNEYS FOR DEFENDANT

4

Case No. 1:03-cr-00128-WYD   Document 228   filed 04/30/07   USDC Colorado   pg 5 of 6

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, I presented the foregoing:

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR REEVALUATION OF COMPETENCY**

 to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

James Hearty, Esq.
Gregory Holloway, Esq.
Assistant United States Attorneys
1225 – 17TH Street, Suite 700
Denver, CO 80202

Dated:  April 30, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　　　s /Jessica Sullivan

*(Original signature on file*
*in office of attorneys for Defendant)*