**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.   03-cr-000128-WYD

United States of America,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

---

**RESPONSE TO DEFENDANT'S OBJECTIONS TO ORDERS ENTERED BY
MAGISTRATE JUDGE MICHAEL J. WATANABE ON MARCH 26, 2007**

---

The United States of America, by its undersigned counsel, hereby responds to the defendant's objections to Orders entered by Magistrate Judge Watanabe on March 26, 2007.

**I.    Introduction**

The defendant does not appear to object to Magistrate Judge Watanabe's findings that the defendant violated conditions of his pretrial release. Rather, the defendant argues that the court was prohibited from ordering the detention of the defendant as a remedy for such violations. The defendant asserts two grounds for his objection: (1) that such detention was prohibited by this Court's Order dated May 1, 2006 (Doc. # 159) addressing the release of the defendant, and (2) that detention of the defendant is prohibited by the

Supreme Court's decision in *Jackson v. Indiana*, 406 U.S. 715 (1972).  The defendant is wrong on both grounds.

## II.   This Court's May 1, 2006 Order did not Prohibit Detention of the Defendant for Violations of Conditions of Release Imposed by the Court

At the end of the lengthy Detention Hearing conducted on March 26, 2007, Magistrate Judge Watanabe found by clear and convincing evidence that the defendant violated conditions of his release and revoked his bond based on those violations.  *See* Doc. # 214.  Specifically, the Court found that the defendant violated the following three conditions of pretrial release:

- (a) that the defendant "undergo medical or psychiatric treatment and/or remain in an institution as follows: as recommended by Pre-trial Services";

- (b) that the defendant "refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;" and

- (c) that the defendant "refrain from any and all contact and direct or indirect communication with convicted felons, persons on parole, or inmates incarcerated or detained in any facility operated by the United States Bureau of Prisons, the United States Marshals Service, or law enforcement or corrections officials for any state, county, or municipality."

During the hearing, Magistrate Judge Watanabe expressly addressed the argument that this Court's May 1, 2006 Order prohibits the detention of the defendant for *subsequent violations of the court-imposed conditions of release*.  Reviewing this Court's prior Order, Magistrate Judge Watanabe found that nothing in the Order prevents the court from revoking the defendant's bond if he violates his conditions of release.  Rather,

this Court's release Order directed a magistrate judge to conduct a hearing to determine what conditions shall be imposed on the defendant's release. Doc. # 159 at p.8. The Court further ordered that "These conditions may not include detention, but must include, at a minimum, a requirement that Defendant be required to have periodic mental health assessments to determine whether he has been or can in the foreseeable future be restored to competency." *Id.*

While the conditions of release at that time could not include detention, nothing in the Order prohibits detention as a result of a violation of the conditions imposed. Moreover, one of the conditions that the defendant violated is the condition requiring him to have periodic mental health evaluations to determine if he is competent.

**II.**     ***Jackson v. Indiana*** **Does Not Prohibit Detention under these Circumstances**

As the defendant asserts, *Jackson v. Indiana*, 406 U.S. 715 (1972), is the prominent case addressing the confinement of an incompetent defendant. The Supreme Court held in *Jackson* that where there is not a substantial probability that the defendant may become competent within a reasonable period of time, it violates due process to confine the defendant indefinitely because he lacks the capacity to stand trial. *Id.* at 731-38. The *Jackson* holding only applies upon a finding by the Court that there is not a substantial probability that the defendant may become competent within a reasonable period of time.

That is not the case here. In fact, the most recent mental health evaluation of the defendant concluded that the defendant was competent to stand trial. That evaluation was performed in August 2006 by Dr. Robert Wolfsohn at the direction of the Probation Department pursuant to this Court's Order and the conditions of release. Dr. Wolfsohn's report was released to the parties in September 2006. *See* Doc. # 169. Due to the defendant's health during the Fall, a hearing could not be conducted regarding the defendant's competency at that time. Earlier this year, after the defendant's health had improved, undersigned counsel was advised by the Probation Office that Dr. Wolfsohn needed to perform a follow-up evaluation of the defendant due to the passage of time. Accordingly, the Probation Office directed the defendant to submit to such an evaluation in accordance with the court-imposed conditions of release. However, the defendant and his counsel refused.

Therefore, the record before the Court is that the defendant may now be competent to stand trial. The defendant's refusal to submit to the required follow-up evaluation is (1) a violation of the conditions of his release, (2) a violation of this Court's May 1, 2006 Order, and (3) preventing this Court from finding that the defendant is presently competent.

Because the defendant may now be competent, and because the defendant violated his conditions of release, Magistrate Judge Watanabe's order of detention was proper and should be upheld.

Dated:  May 1, 2007                    Respectfully submitted,

                                                TROY A. EID
                                                United States Attorney

                                                s/ James O. Hearty
                                                By:  James O. Hearty
                                                       Greg Holloway
                                                Assistant U.S. Attorneys
                                                1225 Seventeenth Street, Suite 700
                                                Denver, CO 80202
                                                (303) 454-0100
                                                F: (303) 454-0403
                                                james.hearty@usdoj.gov
                                                gregory.holloway@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this   1st    day of May, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Walter L. Gerash, Esq.
    linda@waltergerash.com, wlg@waltergerash.com

    James F. Scherer, Esq.
    j.f.scherer@hotmail.com


                          s/ Victoria Soltis
                          United States Attorney's Office
                          1225 Seventeenth Street, Suite 700
                          Denver, CO  80202