## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case Number: 03-cr-00128-WYD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**DANA WEST A/K/A ABRAHAM**

Defendant.

---

## MOTION TO DISMISS

---

Defendant, Dana West a.k.a "Abraham", by and through the law firm of Springer and Steinberg, P.C., hereby moves this Court for an order dismissing this matter.

AS GROUNDS THEREFORE, the Defendant states as follows:

### <u>INTRODUCTION</u>

On or about October 16, 2003, the Defense and the Government filed a joint motion requesting that the Court find the Defendant incompetent to stand trial. The Court issued a commitment order on October 21, 2003. On November 16, 2004, the Court reviewed the Defendant's competency and again determined that he was incompetent to stand trial. On April 26, 2006, the Court again reviewed the Defendant's competency and once again determined that the Defendant was incompetent to stand trial. At the April 26th hearing the Court also determined that the Defendant was not dangerous within the meaning of 18 U.S.C. § 4246. The Court accordingly ordered the Defendant's release subject to conditions of pre-trial release. On March 26, 2007, the Court found the Defendant in violation of the conditions of his pre-trial release and remanded the Defendant into custody. The Defendant is currently incarcerated at FDC

Englewood.

The Defendant maintains that he is still incompetent to stand trial, and his belief is supported by this Court's own multiple determinations regarding the Defendant's competency. In the time since the initial competency determination in October, 2003, this Court has never found the Defendant competent to stand trial.

## ARGUMENT

**The confinement of the Defendant has taken place in violation of Federal law as well as in violation of the Defendant due process rights.**

The Defendant has now served more time incarcerated than he would have if sentenced in accordance with the Federal Sentencing Guidelines for the pending charges. The extended incarceration of the Defendant constitutes a statutory violation as well as a violation of the Defendant's Due Process rights under the United States Constitution. The appropriate remedy for these violations is dismissal of the charges.

In its May 1, 2006 Order, this Court acknowledged the Defendant's right to be released from custody in light of the Court's findings that the Defendant was not competent to stand trial but was not dangerous within the meaning of 18 U.S.C. § 4246. However, because the Defendant allegedly violated the conditions of his pre-trial release, he was remanded into custody without bond. The Defendant is now in a situation where he cannot proceed to trial due to incompetency, and he cannot be released pending trial because of the bond violation. Thus, the Defendant is currently facing incarceration with no conceivable end.

18 U.S.C. § 4241 was carefully crafted so that an individual who is determined to be incompetent is not held in federal custody for an indefinite period of time. Specifically, 18 U.S.C. § 4241(d) states that an incompetent defendant may remain in the custody of the Attorney

General "for such a reasonable period of time, not to exceed four months...and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward..." In this case, the initial four month detention has long since expired. Further, in its multiple rulings regarding the Defendant's competence, the Court has never found that there is a "substantial probability" that the Defendant will regain competency within a reasonable time.

Congress' concern regarding the indefinite confinement of incompetent individuals is further illustrated by 18 U.S.C. § 4246(a) which allows for continued federal custody after the time allotted in 18 U.S.C. § 4241 only when, "release would create a substantial risk of bodily injury to another person..." In this case, the Court has already determined that the Defendant is not dangerous within the meaning of 18 U.S.C. § 4246. Therefore, the limited exception Congress provided to the time requirements outlined in 18 U.S.C. §4241 is not applicable in this case. Because the time frame set out in 18 U.S.C. §4241 has not been complied with, the Defendant is being held in violation of federal law. The appropriate remedy for this violation is dismissal of the charges.

The United States Supreme Court has warned of the danger of indefinite incarceration stating, "at the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The *Jackson* court went on to state, there is a "...substantial injustice in keeping an unconvicted person in custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." *Jackson*, 406 U.S. at 735,

-3-

quoting *Cook v. Ciccone*, 312 F.Supp 822, 824 (D. Mo. 1970). In this case, such an injustice is being visited upon the Defendant.

The federal courts have never directly addressed the issue of whether charges should be dismissed when 18 U.S.C. §4241 has been violated. In *U.S. v. Ecker*, 78 F.3d 726 (1st Cir. 1996) the issue of dismissal of charges was raised within the context of 18 U.S.C. § 4246. However, that case can be distinguished from this matter because in *Ecker* there was no violation of federal law.  In *Ecker*  the defendant was civilly committed pursuant to 18 U.S.C. § 4246 after he was found to be "dangerous" within the meaning of the statute. *Id*. The defendant in *Ecker* argued that when a person is civilly committed under 18 U.S.C. § 4246, pending charges must be dismissed. *Id*. The court in *Ecker* concluded that charges do not need to be dismissed upon commitment of a defendant for dangerousness pursuant to 18 U.S.C. § 4246. *Id*.

The court in *Ecker* specifically stated that "Ecker's liberty is not restricted by the pendency of the indictment, but rather by section 4246." 78 U.S. at 729. Therefore, the *Ecker* court concluded that because the defendant was being held in accordance with federal law there was no violation of his liberty interests and therefore, no reason to dismiss the charges. *Id*. Unlike the defendant in *Ecker*, Abraham is not being held in accordance with federal law pursuant to18 U.S.C. § 4246. Instead, Abraham is being held in violation of  18 U.S.C. § 4241. Because, Abraham is being held in violation of federal law, and has never been found dangerous and civilly committed pursuant to 18 U.S.C. § 4246,  the Court's reasoning in *Ecker* is not applicable in this case.

 The Defendant has been incarcerated for a lengthy period of time in violation of the time frame set out by Congress in 18 U.S.C. § 4241. The Defendant's continued incarceration

constitutes a statutory violation as well as violation of the Defendant's due process rights. The only remedy for the substantial injustice that is being inflicted upon the Defendant through his lengthy and indefinite incarceration is a dismissal of the charges.

WHEREFORE, Defendant respectfully requests this Court to enter an order Granting the Defendant's Motion to Dismiss.

**DATED** this 15th day of May, 2007.

Respectfully submitted,

 s/Erin Dawson
For Erin C. Dawson
Attorneys for Dana West
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on May 15, 2007, I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Hearty**
James.Hearty@usdoj.gov

      <u>s/Brenda Rodriguez</u>
      For Erin C. Dawson
      Attorneys for Dana West
      Springer & Steinberg, P.C.
      1600 Broadway, Suite 1200
      Denver, CO 80202
      (303)861-2800 Telephone
      (303)832-7116 Telecopier
      brodriguez@springer-and-steinberg.com