**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.   03-cr-000128-WYD

United States of America,

      Plaintiff,

v.

1.     DANA WEST,

      Defendant.

---

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

     The United States of America, by its undersigned counsel, hereby responds to the defendant's motion to dismiss.  The defendant's motion lacks merit and should be denied because he cites no applicable authority for the relief he seeks -- dismissal of the case.  Moreover, he mistakenly claims, without explanation, that his incarceration is a statutory and Due Process violation.

**I.    Background**

The Charges and Penalties:

     On March 26, 2003, a federal grand jury returned a two-count indictment against the defendant charging him with Solicitation to Commit Destruction by Explosion in violation of 18 U.S.C. § 373 and of Attempted Destruction by Explosion in violation of

18 U.S.C. § 844(i). The latter charge carries a statutory penalty of not less than five years imprisonment and not more than 20 years imprisonment. The Sentencing Guideline range if convicted would be approximately 37 - 46 months. To date, the defendant has been in custody approximately 41 months.

Prior Evaluations:

• FCI Waseca Report (October 2003): concluded that the defendant was sane at the time of the offense but could not make a determination as to his competency due to his lack of cooperation with evaluation.

• By order entered October 21, 2003, the Court found that the defendant was presently suffering from a mental disease or defect rendering him mentally incompetent and ordered that the defendant be committed to the custody of the Attorney General for hospitalization and treatment for four months.

• FMC Butner Report (June 2004): Dr. Lucking concluded that defendant was not suffering from mental disease or defect and was competent.

• By the time the Competency Hearing was conducted in November 2004, Dr. Lucking testified that due to the passage of time, he could no longer testify to a reasonable degree of medical certainty that the defendant was still competent.

• By order entered November 24, 2004, the Court found that the defendant's mental condition had not so improved during the four months of hospitalization to permit the trial to proceed. The Court then ordered that the defendant be committed to the custody of the Attorney General for a psychiatric evaluation under 18 U.S.C. § 4246 to determine whether the defendant was suffering from a mental disease or defect as a result of which his release would create a substantial risk of serious bodily injury to another person or serious damage to the property of another.

• The first evaluation, performed at the Federal Medical Center in Springfield, Missouri (FMC-Springfield), concluded that due to the defendant's lack of cooperation with the evaluation, it was unclear whether the defendant was suffering from a mental disease or defect but that he was clearly dangerous.

- Due to the ambiguity in the Springfield Report, the Court ordered a subsequent evaluation under § 4246 which was conducted at FMC-Butner.  The Butner evaluation concluded that the defendant was not suffering from a mental disease or defect and therefore, is not subject to civil commitment under § 4246.

- The defendant proposed and the Court selected Dr. Frederick Miller to perform an additional competency evaluation.  At a hearing on April 26, 2006, Dr. Miller testified that based on his evaluation he diagnosed the defendant as suffering from the mental disease of Delusional Disorder, Grandiose Type.  Dr. Miller opined that as a result of the mental disease, he believes that the defendant is incompetent in that he is unable to assist properly in his defense.

- In the most recent mental health evaluation of the defendant conducted in August 2006, private clinical psychologist Dr. Robert Wolfsohn concluded that the defendant was competent to stand trial.

## II.    No Grounds for Dismissal

As stated above, the defendant cites no authority for dismissal of the indictment.

Neither 18 U.S.C. § 4241 nor 18 U.S.C. § 4246 address the pendency or dismissal of an indictment of a defendant found incompetent under § 4241 but not committed under § 4246.  Upholding the district court's denial of an incompetent defendant's motion to dismiss the indictment, the First Circuit explained:

> There is nothing in the statute's language that requires the dismissal of a pending indictment.  The statutory silence is not surprising.  Congress, we have little doubt, intended to leave the decision about the disposition of pending charges to the case-by-case discretion of the prosecutors.

*United States v. Ecker*, 78 F.3d 726, 728 (1st Cir. 1996).  The defendant's attempt to distinguish *Ecker* is unconvincing and in no way undermines the First Circuit's holding as it is applies to this case.  Moreover, in *Greenwood v. United States*, 350 U.S. 366, 375 (1956), the Supreme Court held that "the pending indictment persists" even after the

defendant has been found unlikely to recover competency and has been committed as dangerous.

### III.   Defendant's Current Incarceration does not Violate Statute or Due Process

The defendant is currently in custody because he violated at least three Court-imposed conditions of his release.  Significantly, one of the conditions that the defendant violated is the condition requiring him to have periodic mental health evaluations to determine if he is competent.  As noted above, the most recent mental health evaluation of the defendant concluded that the defendant was competent to stand trial.  However, it was determined that a follow-up evaluation was necessary due to the defendant's recent health problems.  Accordingly, the Probation Office directed the defendant to submit to such an evaluation in accordance with the court-imposed conditions of release.  However, the defendant and his counsel refused.

The Supreme Court held in *Jackson v. Indiana*, 406 U.S. 715 (1972), that where there is not a substantial probability that the defendant may become competent within a reasonable period of time, it violates due process to confine the defendant indefinitely because he lacks the capacity to stand trial.  *Id.* at 731-38.  The *Jackson* holding only applies upon a finding by the Court that there is not a substantial probability that the defendant may become competent within a reasonable period of time.  In *Jackson*, unlike this case, there was no question as to the defendant's lack of competency and no expectation that he would ever attain competency.  The defendant in *Jackson* was a

mentally defective deaf mute, who could not read, write, or virtually otherwise communicate. Jackson was charged with two purse-snatching robberies involving a total value of nine dollars. Significant in the Court's analysis was the fact that both of the court-ordered psychiatrists that evaluated the defendant found him to be incompetent and both believed that he would not become competent in the future. *Jackson,* at 725. "There is nothing in the record that even points to any possibility that Jackson's present condition can be remedied at any future time." *Id.* at 726. The Supreme Court's concern was that the defendant's pretrial commitment had the practical effect of permanent incarceration.

That is not the case here. The record before this Court, unlike the record before the court in *Jackson*, sufficiently establishes that the defendant may currently be competent to proceed to trial. However, the defendant's refusal to submit to the required follow-up evaluation is a violation of the conditions of his release and is preventing this Court from determining that the defendant is presently competent.

Therefore, the defendant's motion to dismiss is without merit and should be denied.

Dated:  May 24, 2007                      Respectfully submitted,

                                          TROY A. EID
                                          United States Attorney

                                          s/ James O. Hearty
                                          By:  James O. Hearty
                                          Assistant U.S. Attorney
                                          1225 Seventeenth Street, Suite 700
                                          Denver, CO 80202
                                          (303) 454-0100
                                          F: (303) 454-0403
                                          james.hearty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this __24th__ day of May, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Walter L. Gerash, Esq.
linda@waltergerash.com, wlg@waltergerash.com

James F. Scherer, Esq.
j.f.scherer@hotmail.com

Harvey A. Steinberg, Esq.
Erin C. Dawson, Esq.
law@springer-and-steinberg.com

s/ Victoria Soltis
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, CO  80202