# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case Number: 03-cr-00128-WYD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**DANA WEST A/K/A ABRAHAM**

Defendant.

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant, Dana West a.k.a "Abraham", by and through the law firm of Springer and Steinberg, P.C., hereby submits his Reply to the Plaintiff's Response to the Defendant's Motion to Dismiss.

## INTRODUCTION

On or about October 16, 2003, the Defense and the Government filed a joint motion requesting that the Court find the Defendant incompetent to stand trial. The Court issued a commitment order on October 21, 2003. On November 16, 2004, the Court reviewed the Defendant's competency and again determined that he was incompetent to stand trial. On April 26, 2006, the Court further reviewed the Defendant's competency and once again determined that the Defendant was incompetent to stand trial. At the April 26th hearing, the Court also determined that the Defendant was not "dangerous" within the meaning of 18 U.S.C. § 4246. The Court accordingly ordered the Defendant's release subject to conditions of pre-trial release. On March 26, 2007, the Court found the Defendant in violation of the conditions of his pre-trial release and remanded the Defendant into custody. The Defendant is currently incarcerated at

FDC, Englewood. During the pendency of this matter, the Court has never made a finding that the Defendant is competent to stand trial.

## ARGUMENT

**A. Violation of federal statute and the Defendant's Due Process rights are sufficient grounds for dismissal.**

In it's Response, the Plaintiff claims that the Defendant has failed to cite any authority for dismissal of the indictment. *See* Plaintiff's Response, p.3. The Plaintiff goes on to cite a passage from *United States v. Ecker*, 78 F.3d 726, (1st Cir. 1996), which addresses the dismissal of charges pursuant to 18 U.S.C. § 4241 and § 4246. However, the brief treatment of this issue by the Plaintiff fails to address the argument raised by the Defendant in his Motion to Dismiss.

As stated in the Defendant's Motion, the circumstances in *Ecker* are much different than those in this case. In *Ecker*, the defendant was found "dangerous" and was accordingly committed pursuant to 18 U.S.C. § 4246. *Id*. The court in *Ecker* found that the procedure for civil commitment laid out in 18 U.S.C. § 4246 did not violate the Defendant's due process rights and did not require dismissal of the charges. *Id.* However, the court in *Ecker* never addressed whether dismissal of the charges is appropriate if statutory procedures are not complied with.

In this case, unlike *Ecker*, the procedures for pre-trial confinement laid out in 18 U.S.C. § 4241 and § 4246 have not been followed. The initial four (4) month confinement outlined in 18 U.S.C. § 4241 has long since passed. Further, the Defendant has never been found by this court to be "dangerous" pursuant to 18 U.S.C. § 4246. Despite these findings, the Defendant is still incarcerated. In its Response, the Plaintiff states that the Defendant was found to be "clearly dangerous" in the FMC-Springfield evaluation. *See* Plaintiff's Response, p.2. However, this

statement is misleading. 18 U.S.C. § 4246 states that the court must hold a hearing to determine if a person is "dangerous" within the meaning of the statute, and therefore subject to continued confinement. The statute does not provide any basis for continued incarceration based on the findings of an independent evaluation. In this case, on April 24, 2006, the Court did not find that the defendant was "dangerous," instead the Court held that the Defendant should be released. Based on the Court's ruling, the Defendant's extended incarceration been carried out in violation of 18 U.S.C. § 4246.

18 U.S.C. § 4241 allows for continued confinement for "an additional reasonable period of time" if the court determines that there is a "substantial probability" that the defendant will become competent to stand trial within that period of time. However, this Court has never made such a ruling in this case. Further, at this point, it would be difficult to characterize the extended incarceration of the Defendant as "reasonable" within the meaning of the statute. Therefore the procedures for continued incarceration outlined in 18 U.S.C. § 4241 have not been followed in this case.

As stated above, and in the Defendant's Motion to Dismiss, the carefully crafted procedures for pretrial confinement outlined both in 18 U.S.C. § 4241 and § 4246 have been violated in this case. This violation distinguishes this case from *Ecker*, where all statutory procedures were complied with. Because statutory procedures have not been followed, the Defendant is currently facing indefinite incarceration.

In *Jackson v. Indiana*, 406 U.S. 715, 735 (1972) the Supreme Court warned that there is a "...substantial injustice in keeping an unconvicted person in custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." In

its Response, the Plaintiff makes an unconvincing argument that *Jackson* is distinguishable from this case. In August 2006, a private, government selected, evaluator indicated that the Defendant was competent to stand trial. The Plaintiff argues that this evaluation demonstrates that the defendant "may" currently be competent to stand trial. *See* Plaintiff's Response, p.5. However, this evaluation was not court ordered, and was not conducted by a court-appointed evaluator. The last court-appointed evaluator, Dr. Miller, testified in April 2006 that the Defendant was not competent to stand trial. Further, this Court has consistently made findings throughout the pendency of this case that the Defendant is not competent to stand trial.

The Plaintiff should not be allowed to use the violation of federal law and the Defendant's due process rights, in order to now go on a fishing expedition to find an evaluator who will make a finding of competency. The only appropriate remedy at this time for the gross injustice being inflicted on the Defendant, is dismissal of the charges.

WHEREFORE, Defendant respectfully requests this Court to enter an order Granting the Defendant's Motion to Dismiss.

**DATED** this 1st day of June, 2007.

        Respectfully submitted,

        s/Erin Dawson
        For Erin C. Dawson
        Attorneys for Dana West, aka Abraham
        Springer & Steinberg, P.C.
        1600 Broadway, Suite 1200
        Denver, CO 80202
        (303)861-2800 Telephone
        (303)832-7116 Telecopier
        law@springer-and-steinberg.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Hearty**
James.Hearty@usdoj.gov

        s/Brenda Rodriguez
        For Erin C. Dawson
        Attorneys for Dana West, aka Abraham
        Springer & Steinberg, P.C.
        1600 Broadway, Suite 1200
        Denver, CO 80202
        (303)861-2800 Telephone
        (303)832-7116 Telecopier
        brodriguez@springer-and-steinberg.com