IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Case No. 03-cr-000128-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER came before the Court on a hearing on various motions and issues on Tuesday, June 5, 2007. The hearing was continued from May 8, 2007. I heard argument at the hearings on Defendant's Objections to Orders Entered by Magistrate Judge Michael J. Watanabe on March 26, 2007 (filed April 6, 2007, and supplemented on April 23, 2007 and May 7, 2007), the Government's Motion for Reevaluation of Competency (filed April 20, 2007), and Defendant's Motion to Dismiss (filed May 15, 2007).

II.    <u>BACKGROUND</u>

This case has a long history regarding Defendant's mental status and competency. My Order of May 1, 2006 summarizes the history of the case up to the time of the Order, which I incorporate by reference.

I note that Defendant was found to be incompetent initially in October 2003. Another hearing was held on the issue of competency in April 2006. In my May 1, 2006 Order, I found that Defendant remains incompetent, in that he suffers from a mental disease or defect as a result of which he is unable to properly assist in his own defense.[1] I further found that civil commitment proceedings were not appropriate since no certificate of dangerousness was issued as required by 18 U.S.C. § 4246. Since Defendant was incompetent but was not found to be dangerous within the meaning of § 4246, I found that Defendant must be released from custody. Accordingly, I granted Defendant's Motion for Forthwith Release from Custody. I also ordered that the indictment was not dismissed but remained pending.

As to whether Defendant could be released with conditions pursuant to 18 U.S.C. § 3142, the May 2006 Order notes that while the parties were ordered to provide authority on whether Defendant could be released subject to the conditions of § 3142, no authority was provided on the issue. Further, no objection was made to Defendant's release with such conditions. Thus, I found that Defendant was subject to release with appropriate conditions under § 3142. While I stated that such conditions could not include detention under § 3142(e), I found that such conditions should, at a minimum, include a requirement that Defendant be required to have periodic mental

---

[1] There were conflicting reports in the record as to whether Defendant was competent or incompetent, but the examiners from the Bureau of Prisons who believed Defendant was competent did not testify to that effect at the April 2006 hearing. The only evidence presented at the competency hearing in April was from Dr. Frederick Miller, a psychiatrist initially suggested by the Defendant and selected by the Court to conduct the competency evaluation by Order dated February 15, 2006. Dr. Miller opined that Defendant was not competent to stand trial because he was unable to assist in his defense.

health assessments to determine whether he has been or can shortly be restored to competency. Finally, I ordered that a hearing be conducted by a magistrate judge to determine what conditions should be imposed on Defendant's release.

On May 3, 2006, Magistrate Judge Watanabe held a hearing and made findings as to what conditions of release would be imposed. Defendant was released on bond to a halfway house and directed to abide by the Order Setting Conditions of Release. Defendant then filed a motion for amendment of the conditions of release. That motion was granted in part and denied in part at a hearing on May 26, 2006. The Minutes of the hearing reflect that the halfway houses rejected acceptance of Defendant due to the severity of the charges, Defendant's mental health and flight risk. Accordingly, Magistrate Judge Watanabe changed the conditions of release to reflect that Defendant would be released on home detention with electronic monitoring once that was set up. Defendant was then ordered released on June 6, 2006.

Also on June 6, 206, the Order Setting Conditions of Release was filed by Magistrate Judge Watanabe. Among other things, Defendant was ordered to avoid all contact with any persons who are or may become a victim or potential witness in the investigation or any attorney for the Government; undergo medical or psychiatric treatment as recommended by Pretrial Services; refrain from possessing a firearm, destructive device or other dangerous weapons; and refrain from use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner.

Shortly after Defendant's release from custody, the Probation Department directed Defendant to undergo another competency evaluation. That evaluation was conducted by Dr. Robert Wolfsohn, a psychologist selected by Probation. Neither the Government nor defense counsel provided any input as to the selection of that psychologist. Dr. Wolfsohn's report of August 2006 opined, as had earlier evaluators from the Federal Medical Center at Butner, that Defendant was competent.

On September 12, 2006, the Government filed a Motion to Modify Conditions of Release. The Government asserts that Defendant initially had several home detention/ electronic monitoring violations. These violations resulted in a recommendation by Probation that Defendant be considered for placement at a community corrections facility or, alternatively, that the current conditions be modified to include electronic monitoring with GPS capabilities. While a hearing was originally set in September 2006, that hearing was continued numerous times due first to conflicts with counsel's schedule and then due to Defendant's health condition.[2]

By Minute Order of March 19, 2007, an arrest warrant was issued for Defendant by the magistrate judge. A bond revocation hearing was held on March 26, 2007. Probation officers Rod Waldo and Jennifer Nuanes testified at the hearing and exhibits were admitted into evidence. Defendant also testified. At the conclusion of the hearing, Magistrate Judge Watanabe revoked Defendant's bond and ordered detention.

---

[2] Defendant was diagnosed with cancer of the throat, with metastatic spread to the lymph nodes in his right neck. Defendant has undergone chemotherapy and radiation.

On April 6, 2007, Defendant filed objections to Magistrate Judge Watanabe's ruling. The Government filed a motion seeking re-evaluation of competency on April 20, 2007. A hearing was set on these issues for May 8, 2007.

On May 2, 2007, Harvey Steinberg and Erin Dawson entered their appearance on behalf of Defendant and asked through a motion that I address only the issue of Defendant's release at the May 8 hearing. Their motion stated that Mr. Steinberg, who was unavailable for that hearing, would argue all other issues at a later hearing.

At the hearing on May 8, 2007, counsel for the parties argued the issue of whether Defendant should be released and whether Magistrate Judge Watanabe's order of detention was proper. I deferred deciding the issue of release and the propriety of Magistrate Judge Watanabe's Order of detention as I found these issues were impacted by the Government's motion for reevaluation of competency that Mr. Steinberg was to argue. *See* Minute Order of May 14, 2007. I ordered that another hearing be set as to all the issues.

On May 15, 2007, Mr. Steinberg filed a motion to dismiss. The motion argues that Defendant has been incarcerated for a lengthy period of time in violation of 18 U.S.C. § 4241, and that Defendant's continued incarceration constitutes a statutory violation as well as violation of his due process rights.

Another hearing was held on June 5, 2007. I heard argument and took the pending issues and motions under advisement. I now state my rulings on the pending issues and motions. I first address Defendant's objections to Magistrate Judge Watanabe's order of detention and then address the pending motions.

### III.     ANALYSIS

#### A.     Defendant's Objections to Magistrate Judge Watanabe's Order

##### 1.     Magistrate Judge Watanabe's Findings

I first address Magistrate Judge Watanabe's findings and orders and then address the objections thereto.  Magistrate Judge Watanabe found by clear and convincing evidence that Defendant violated the following three conditions of his release: (a) that Defendant "undergo medical or psychiatric treatment . . . as recommended by Pre-trial Services"; (b) that Defendant "refrain from use or unlawful possession of a narcotic drug or other controlled substances . . ., unless prescribed by a licensed medical practitioner;" and (c) that Defendant "refrain from any and all contact and . . . communication with convicted felons, persons on parole, or inmates. . . . " (Transcript ["Tr."] of Bond Revocation Hearing at 120-123.)  Accordingly, he ordered that Defendant's bond be revoked and that he be detained.  (*Id.* at 123-127.)

The detention order was based on Magistrate Judge Watanabe's findings, by clear and convincing evidence, that Defendant was a danger to the community based on his conduct of drug usage combined with soliciting prison inmates (*id.* at 123, 126) and that Defendant is unlikely to abide by the conditions or combinations of conditions of release based on his violations of bond and other factors.  (*Id.* at 126.)  Magistrate Judge Watanabe also found that there are not a combination of conditions of release that will assure Defendant's presence in court.  (*Id.* at 127.)  Finally, he rejected Defendant's argument that there are inadequate medical services and care for Defendant where he is incarcerated at FCI Englewood.  (*Id.* at 124-126.)

### 2. Summary of Defendant's Objections

Defendant objects to Magistrate Judge Watanabe's findings and order: (1) that Defendant violated conditions of his release; (2) that his bond be revoked; (3) that he be detained without bond and be remanded to the custody of the Marshal Service; and (4) denying Defendant's motion for additional relief from home detention requirements. Defendant requests a de novo determination concerning these objections.

Defendant's first supplement argues that the order revoking conditional release and returning Defendant to custody violates his right to remain free from detention, established by the Supreme Court in *Jackson v. Indiana*, 406 U.S. 715 (1972) and by statute. Defendant asserts that the Court's May 1, 2006 Order acknowledged Defendant's right to be released from custody. As to the Court's directive in that Order that Defendant be released subject to conditions of release pursuant to 18 U.S.C. § 3142, Defendant acknowledges in that supplement that the Court acted within its discretion in electing to impose conditions. However, it is argued that the Court's decision to direct that Defendant's release from custody be subject to conditions did not include the option of entering an order of detention under 18 U.S.C. § 3148(b), regardless of the fact that Defendant violated the conditions of his release.

In a second supplement, Defendant directs the Court's attention to a recent decision from the United States District Court for the District of New Jersey, *United States v. Peppi*, 2007 WL 674746 (D. N.J. February 28, 2007). In *Peppi*, as here, the defendant was found to be incompetent and not likely to attain competency in the reasonably foreseeable future. Further, the defendant was found not to be dangerous

within the meaning of 18 U.S.C. § 4246.  *Peppi* analyzed §§ 4241 and 4246 and the Bail Reform Act and found that 18 U.S.C. § 3142 does not apply to defendants who are subject to mandatory release under § 4246.

        3.      <u>Analysis</u>

Pursuant to 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek review before the district court.  The district court must then conduct a de novo review of the magistrate judge's order.  *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003); *United States v. Cruickshank,* 150 F. Supp. 2d 1112, 1113 (D. Colo. 2001).  In other words, the judge must make an independent determination of the propriety of detention, with no deference to the magistrate judge's conclusion. *Cisneros*, 328 F.3d at 616 n. 1.

The district court judge may consider the evidence before the magistrate judge and is not required to hold a de novo evidentiary hearing.  *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) *United States v. Alonso*, 832 F. Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D. Ind. 1992); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).  Alternatively, the district court may elect to "start from scratch" and follow the procedures for taking relevant evidence, or may hold a hearing only to allow the parties to present new evidence.  *Cisneros*, 328 F.3d at 617; *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  This is left to the court's discretion.  *Bergner*, 800 F. Supp. at 661.

In this case, I informed the parties  by Minute Order of April 24, 2007 that while I would conduct a de novo review of the detention order, I intended to rely on the

evidence presented to Magistrate Judge Watanabe at the hearing rather than hold a de novo evidentiary hearing. I further ordered that the parties could present new evidence that was not presented in that hearing. The parties were given the opportunity to object to that proceeding but did not do so.

Turning to the merits of Defendant's objections, I first consider whether Magistrate Judge Watanabe erred at the outset in imposing conditions of release. I find that he did not err in imposing such conditions. First, Magistrate Judge Watanabe was given authority to impose such conditions pursuant to my May 1, 2006 Order. As noted earlier, before I issued that Order, I directed the parties to provide authority on whether conditions of release could be imposed. No authority was provided on the issue and Defendant did not object to conditions of release being imposed. Absent any authority that conditions of release could not be imposed under § 3142 or any objections by the parties, and given the May 1, 2006 Order directing that conditions of release could be imposed, I overrule any objections to Magistrate Judge Watanabe's order imposing such conditions.[3]

---

[3] Defendant conceded in his first supplement to the objections that conditions of release could be imposed. Defendant's second supplement presents authority for the first time that conditions of release cannot be imposed on an incompetent person who is released. *United States v. Peppi*, 2007 WL 674746 (D.N.J. 2007). *Peppi* concluded that conditions of release under § 3142 cannot be imposed on an incompetent defendant who is released from custody because he is not dangerous. That is because the defendant is not "pending trial" as required by the Bail Reform Act and because a defendant who is mentally ill cannot be expected to comply with such conditions. I find that *Peppi* does not require a reversal of Magistrate Judge Watanabe's order. *Peppi* was decided well after the magistrate judge imposed conditions of release, and cannot form a basis to reverse that order when no objections were made to the imposement of such conditions. Further, *Peppi* is obviously not controlling precedent in this district.

I next address whether Magistrate Judge Watanabe erred in finding that Defendant violated his conditions of release. While Defendant appears to object to this finding, he did not present any evidence or argument that this finding was incorrect. Indeed, Probation Officers Rod Waldo and Jennifer Nuanes both testified that Defendant violated his conditions of release (Tr. 8-57), and Defendant admitted that he had contact with an inmate (*Id*. at 106), a violation of the condition of release that he not have contact or communication with convicted felons or inmates. There was also testimony that Defendant violated the condition of release requiring him to submit to further psychiatric treatment ordered by Probation. This is because he refused to go back to Dr. Wolfsohn for a further evaluation as directed by the Probation Department. Accordingly, I overrule Defendant's objection to Magistrate Judge Watanabe's finding that he violated conditions of his release.

I now turn to the objections to Magistrate Judge Watanabe's order revoking Defendant's bond and ordering that he be detained without bond, as well as the order directing that Defendant be remanded to the custody of the Marshal Service. Defendant first argues that Magistrate Judge Watanabe violated the May 1, 2006 Order by detaining Defendant. I disagree and overrule that objection. It is true that the Order stated that Defendant may not be detained. However, that Order was made in connection with Defendant's initial release in connection with the finding that Defendant is not dangerous within the meaning of 18 U.S.C. § 4246. As to conditions of release, the Order stated that such conditions could be imposed (other than detention), and the

Order did not limit or even address the magistrate judge's ability to revoke release and detain Defendant if those conditions of release were violated.

Second, revocation of bond and detention are proper as sanctions pursuant to 18 U.S.C. § 3148. Allowing conditions of release to be imposed by a magistrate judge without the ability to sanction and/or detain a defendant for violations of same would be pointless. There must be some consequence to a violation of conditions of release, including detention where the Court deems it appropriate.

Finally, I find that the order of detention was proper. Based on the evidence before Magistrate Judge Watanabe, I agree with his findings by clear and convincing evidence that Defendant was a danger to the community based on his conduct of drug usage combined with soliciting prison inmates and that Defendant is unlikely to abide by the conditions or combinations of conditions of release based on his violations of bond and other factors. I also agree with Magistrate Judge Watanabe's finding that there are not a combination of conditions of release that will assure Defendant's presence in court. I further note that Defendant has not presented any argument or evidence that these findings were improper. Accordingly, I find that the order revoking bond, ordering detention and remanding Defendant to the custody of the Marshal Service was proper, and overrule Defendant's objections as to same.[4]

---

[4] As to Defendant's argument that his detention violates *Jackson v. Indiana,* 406 U.S. 715 (1972), I find that this is not a basis to reverse Magistrate Judge Watanabe's order of detention. The issue raised in *Jackson* is whether a defendant can be held indefinitely without a trial. The order of detention by the magistrate judge does not address the length of detention or require that Defendant be retained indefinitely. Instead, *Jackson* is implicated only if I find that Defendant must continue to be detained. I address *Jackson* below in connection with the motion to dismiss and motion to re-evaluate Defendant for competency.

B.  Defendant's Motion to Dismiss

I now turn to Defendant's motion to dismiss. Defendant asserts that he is still incompetent to stand trial, and that this belief is supported by the Court's multiple determinations that Defendant is incompetent. He further asserts that he has now served more time incarcerated than he would have if sentenced in accordance with the Sentencing Guidelines for the pending charges. Defendant argues that his extended incarceration constitutes a statutory violation of the competency statutes as well as a violation of his due process rights, and that the appropriate remedy for these violations is dismissal of the charges.

In that regard, Defendant asserts that he is now in a situation where he cannot proceed to trial due to incompetency, and he cannot be released pending trial because of the bond violation. Thus, it is argued that Defendant is currently facing incarceration with no conceivable end. Finally, Defendant argues that the Government should not be allowed to go on a fishing expedition to find an evaluator who will make a finding of competency.

I deny the motion to dismiss. As Defendant acknowledges, no case authority was found on the issue of whether an indictment should be dismissed in a situation like this where a defendant is deemed incompetent but not found to be dangerous. Further, no case authority was cited holding that a case must be dismissed even if there are violations of 18 U.S.C. §§ 4241 or 4246. I find, however, that these statutes were not violated by the Court in connection with Defendant's current detention. As the Government correctly points out, Defendant is not incarcerated under those statutes.

Indeed, he was released from custody after he was found not to be dangerous under § 4246. Instead, Defendant is incarcerated pursuant to 18 U.S.C. § 3148 only because he violated conditions of release.

Second, I agree with the Government that the case of *United States v. Ecker*, 78 F.3d 726, 728-29 (1st Cir. 1996), supports a decision not to dismiss the case. In *Ecker*, the defendant underwent numerous competency examinations, as here, and ultimately was found to be dangerous (unlike here). He was committed pursuant to 18 U.S.C. § 4247 (unlike here). While the statute required that he be committed to a state facility, the state would not take the defendant because the federal case remained pending. Thus, he remained incarcerated at USP-Springfield. The defendant argued that the indictment should be dismissed because, among other things, the statute does not apply to people "who no longer realistically can be considered to be awaiting trial because there is little possibility of their regaining competency." *Id.* at 728. He also argued that Congress intended as to such persons that their liberty only be restrained by § 4246, not as a result of the continued pendency of an indictment. *Id.* at 729.

The First Circuit rejected the defendant's arguments and held that dismissal was not warranted. In so ruling, the court examined the statutory framework as to competency and concluded that neither §§ 4241 and 4246 nor their legislative history required that the indictment be dismissed. *Id.* at 730. *Ecker* noted that it would be strange for Congress to have intended that an indictment be dismissed but not mention that requirement in the statute. *Id.* It further held that Ecker's statutory arguments were not persuasive as to the argument that Congress intended §§ 4241 and 4246 "to

require *sub silentio* the dismissal of a pending indictment." *Id.* at 731.  *Ecker* noted that its conclusion was supported by the Supreme Court's decision in *Greenwood v. United States*, 350 U.S. 366, 375 (1956) (holding that "the pending indictment persists" even after the defendant has been committed as dangerous).  *Id.*  Finally, *Ecker* held that the pendency of the indictment did not "offend *Jackson's* mandate that a permanently incompetent defendant must be released or civilly committed."  *Id.*

While Defendant argues that *Ecker* was based on the fact that no statutory authority had been violated, I disagree.  Instead, the holding in *Ecker* was based primarily on the fact that the competency statutes do not require dismissal of the indictment and the Supreme Court's opinion in *Greenwood* that an indictment persists.

In this case, as in *Ecker*, §§ 4241 and 4246 do not reference or require dismissal of the indictment, even in a situation where the statutory framework is violated.  Further, Defendant has cited no legislative history that supports the argument that the indictment should be dismissed even if those statutes are violated.[5]  Dismissal of the indictment is thus not required.  This finding is further supported by the Supreme Court's decision in *Greenwood* which held that the indictment is not dismissed but persists.  *Greenwood*, 350 U.S. at 375.  Accordingly, I deny Defendant's motion to dismiss.

I do acknowledge, however, that at some point the continued detention of Defendant may implicate the due process concerns discussed in *Jackson v. Indiana*,

---

[5] As noted, Defendant is not currently incarcerated under those statutes and I find there has been no violation of the statutes.

406 U.S. 715 (1972). *Jackson* held that Indiana's indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial did not square with the Fourteenth Amendment's guarantee of due process. *Id.* at 731. *Jackson* further indicates that the continued detention of a mentally ill person without the possibility of trial may at some point violate the right to a speedy trial or due process. *Id.* at 740.

In this case, however, I find that the constitutional concerns discussed in *Jackson* are not yet implicated and do not require dismissal of the indictment. Defendant has not been detained so long that dismissal is appropriate. Most of the period of detention relates to valid competency evaluations which do not implicate due process or other constitutional concerns. The appropriate remedy for Defendant relating to his detention is thus release from detention, not dismissal. I discuss the issue of Defendant's release from detention below in connection with my analysis of the Government's motion for re-evaluation of competency.

        C.      <u>Government's Motion for Re-Evaluation of Defendant's Competency</u>

The Government's motion requests that the Court order that an updated competency evaluation be performed. The Government indicates that a new evaluation as to competency is necessary in light of the latest competency evaluation in August 2006 by Dr. Wolfsohn which found Defendant to be competent, and Defendant's recent demonstration of an understanding of court proceedings. The Government also requests that after the re-evaluation is completed, the Court set a new hearing to determine whether Defendant is competent to stand trial.

Defendant argues in response that the mental evaluations which are permitted by 18 U.S.C. §§ 4241 and 4246 have been conducted, and that these statutes contain no provision for additional competency evaluations.  Defendant further argues that the Government has offered no grounds for conducting another competency evaluation, other than the fact that a government-selected evaluator opined in August 2006 that Defendant was competent.  Defendant argues that he must be released from custody.  Should the Court find that a re-evaluation is warranted, Defendant requests that the Court designate Dr. Frederick Miller, the Court-appointed evaluator who performed the prior competency evaluation, to conduct such an evaluation.  Further, Defendant asserts his constitutional right to immediate release from custody, pending the completion of any such evaluation.

Turning to the merits, I first reject Defendant's argument that there is no legal basis to conduct a re-evaluation of Defendant's competency.  Although the statutory framework regarding competency examinations is silent as to such a re-evaluation, there is case authority which supports such a re-evaluation.  *See Drope v. Missouri*, 420 U.S. 162, 181 (1975) ("a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standard of competence to stand trial"); *Harris v. Kuhlmann*, 346 F.3d 330, 351 (2d Cir. 2003) (quoting the district court that "'incapacity or incompetence to stand trial can come and go' and finding that 'a defendant may be incompetent at one point and but competent later on . . . .' or vice versa); *United States v. Prince*, 938 F.2d 1092, 1095 (10th Cir.

1991) ("The decision whether to grant a second competency exam is a matter wholly within the sound discretion of the trial court"), *cert. denied*, 502 U.S. 961 (1991).

I next address whether the Government has provided a basis to re-evaluate Defendant's competency. I find that the Government has established such a basis through the most recent competency evaluation by Dr. Wolfsohn which opined that Defendant was competent to stand trial. Specifically, Dr. Wolfsohn noted in his report (Ex. 1 from Detention Hearing, docket # 215) that he agreed with previous evaluations from the Butner Medical Facility that found Defendant to be competent, and disagreed with Dr. Miller's evaluation that found Defendant to be incompetent. I find that Dr. Wolfsohn's report raises a valid issue as to whether Defendant's mental condition has either so improved as to allow him to stand trial or whether he is simply competent to stand trial currently. This finding is further supported by the record in this case which has conflicting reports as to whether Defendant is competent. In other words, this is not a situation where Defendant's incompetence has been undisputed.

After Dr. Wolfsohn issued his report, the Probation Department and the Government did not immediately order any treatment or ask for a new competency evaluation due to concerns about Defendant's health. When the Government did pursue this issue in early 2007, Dr. Wolfsohn advised that he would need to reevaluate Defendant due to the passage of time. Defendant then refused to comply with Probation's directive that he see Dr. Wolfsohn for a supplemental evaluation. Thus, there is no way to determine whether Dr. Wolfsohn's finding that Defendant is competent is valid.

Based on the foregoing, I find that the Government has shown that Defendant should be re-evaluated as to whether he is competent to stand trial. The Government's motion is thus granted. The question then becomes who should conduct this evaluation. Defendant objects to a renewed competency evaluation by Dr. Wolfsohn, arguing that he is not a neutral evaluator because he was selected by the Government. I reject the argument that Dr. Wolfsohn is not a neutral evaluator. He was selected by the Probation Department, a neutral organization that supports the Court, rather than by the Government. Nevertheless, I find that a different evaluator should be selected.

Defendant requests that the evaluation be performed by Dr. Miller, a psychiatrist initially recommended by defense counsel, whom the Court appointed to perform a competency evaluation last year. I deny this request. I find that a new evaluator should be selected that has not seen Defendant before to ensure the neutrality of this evaluation. Having considered this issue thoughtfully, I select Dr. Karen Fukutaki to be the Court appointed psychiatrist who shall conduct the competency evaluation of Defendant.[6] A separate order is filed today as to the specifics of the competency evaluation to be conducted.

Finally, I address whether Defendant should be released from custody pending this re-evaluation. As noted earlier in connection with Defendant's motion to dismiss, the Supreme Court in *Jackson v. Indiana* has indicated that the continued and indefinite

---

[6] If Defendant disagrees with the outcome of the evaluation, he may, of course, present evidence from Dr. Miller or obtain another competency evaluation. I note, however, that Defendant requested Dr. Fukutaki as an evaluator in his filing of proposed psychiatrists in February 2006. Thus, he should have no objection to my selection of this psychiatrist.

detention of a defendant who is not facing trial may be unconstitutional. Although I do not believe that Magistrate Judge Watanabe's order to detain Defendant implicates any constitutional concerns, I am concerned about continuing to detain Defendant for any substantial period. Accordingly, I grant Defendant's request for release, and order that Defendant be released forthwith.

This release is premised, however, on the condition that Defendant comply with the Order for Competency Examination of the Defendant issued today. Further, I find that Defendant must, on release, also comply with the Order Setting Conditions of Release issued by Magistrate Judge Watanabe in June 2006. Should Defendant not comply with either of these directives, or should he violate conditions of release again, an order of detention may again be appropriate under the Bail Reform Act or I may issue an Order to Show Cause requiring Defendant to show cause why civil and/or criminal contempt sanctions should not be imposed.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Objections to Orders Entered by Magistrate Judge Michael J. Watanabe on March 26, 2007 (filed April 6, 2007, and supplemented on April 23, 2007 and May 7, 2007) are **OVERRULED**. It is

FURTHER ORDERED that Defendant's Motion to Dismiss (docket # 241) is **DENIED**. It is

FURTHER ORDERED that the Government's Motion for Reevaluation of Competency (docket # 224) is **GRANTED**. Dr. Karen V. Fukutaki is selected as the

Court appointed evaluator.  A separate Order for Competency Examination is issued today.  It is

FURTHER ORDERED that Defendant's request to be released from custody is **GRANTED**.  Defendant shall be released from custody forthwith.  It is

FURTHER ORDERED that Defendant shall comply with the directives of this Order, including the requirements that Defendant undergo a new competency evaluation by Dr. Fukutaki and comply with the Order Setting Conditions of Release filed June 6, 2006.  It is

FURTHER ORDERED that should Defendant not comply with the directives of this Order, an order of detention may again be appropriate under the Bail Reform Act and/or an Order to Show Cause may be issued requiring Defendant to show why civil and/or criminal contempt sanctions should not be imposed on Defendant.

Dated:  June 26, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge