**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.   03-cr-000128-WYD

United States of America,

    Plaintiff,

v.

1.    DANA WEST,

    Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION TO MODIFY TERMS OF RELEASE**

---

The United States of America, by its undersigned counsel, hereby responds to the defendant's motion to modify the terms of the defendant's release. The United States, having conferred with the U.S. Probation Office regarding the defendant's request, opposes the defendant's request and states as follows:

    1.    Although not entirely clear, it appears from his motion that the defendant requests that the following conditions of his release be eliminated: a) home confinement with electronic monitoring; and b) refrain from contact with convicted felons, persons on parole, or inmates incarcerated or detained in any jail or prison.

    2.    The defendant states that these restrictions should be lifted "because he believes they are unrelated to the purposes of his particular situation." He claims that he is not a flight risk because he has nowhere to go and that "pursuant to this Court's prior

orders [he] has been deemed not to be dangerous."  The defendant misstates the record in this case.

3. This Court has never concluded that the defendant is not dangerous.  To the contrary, after a lengthy evidentiary detention hearing, Magistrate Judge Watanabe concluded by clear and convincing evidence that release of the defendant presented a risk to the safety of the community.  *See* Doc. # 20.  This Court's May 1, 2006 Order explained that it did not have authority to conduct a dangerousness hearing under the mental health statute, 18 U.S.C. § 4246, because a certificate of dangerous was not issued due to the fact that the Butner dangerousness evaluation concluded that the defendant was not suffering from a mental decease or defect -- not because the defendant was not dangerous.  *See* Doc. # 159.  In fact, the first dangerousness evaluation, performed at the Federal Medical Center in Springfield, Missouri, concluded that it was unclear whether the defendant was suffering from a mental disease or defect **but did conclude that he was clearly dangerous.**  Due to the ambiguity in the Springfield Report, the Court ordered a subsequent evaluation under § 4246 which was conducted at FMC-Butner.  The Butner evaluation concluded that the defendant was not suffering from a mental disease or defect and therefore, is not subject to civil commitment under § 4246.

4. Following his pretrial release in May 2006, the defendant demonstrated his disregard for the law and the Court's orders by violating his conditions of release.   At the end of the lengthy Detention Hearing conducted on March 26, 2007, Magistrate Judge

Watanabe found by clear and convincing evidence that the defendant violated conditions of his release and revoked his bond based on those violations. *See* Doc. # 214. Specifically, the Court found that the defendant violated the following three conditions of pretrial release:

    (a)    that the defendant "undergo medical or psychiatric treatment and/or remain in an institution as follows: as recommended by Pre-trial Services";

    (b)    that the defendant "refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;" and

    (c)    that the defendant "refrain from any and all contact and direct or indirect communication with convicted felons, persons on parole, or inmates incarcerated or detained in any facility operated by the United States Bureau of Prisons, the United States Marshals Service, or law enforcement or corrections officials for any state, county, or municipality."

5.    The conditions of release that the defendant seeks relief from were imposed to reduce the risk of danger his release presents to the community. Removing those conditions would undermine that purpose.

6.    For example, based on evidence presented at the detention hearing in this case, the court's findings of fact included the following (*See* Doc. # 20):

    a. The defendant was sending money orders to inmates in the Colorado Department of Corrections (CDOC). He wanted these inmates to be part of his "Truth and Honesty" organization and to blow up the government. The defendant's name was on the call list for eight inmates in CDOC custody.

b. The defendant discussed with the inmates something referred to as the "Bumble Bee Project" which was a plan to set trash cans on fire around government buildings.

c. Based on this information, the FBI set up a meeting between the defendant and an undercover FBI agent. A meeting took place on March 4, 2003, at the Denver Public Library where the defendant discussed blowing up the Denver County Courthouse with the undercover agent. During this meeting the defendant gave the undercover agent $200 for supplies and materials for the bombs.

d. On March 7, 2003, a second meeting took place between the defendant and the undercover agent at the Jackson Hole All American Grill. At this meeting the defendant gave the undercover agent an additional $100 for supplies and bombing materials and showed the agent a statement from his bank account which showed a balance of over $100,000. The defendant indicated that this money was available to carry out the bombing plan.

e. The defendant made telephone contact with an inmate in CDOC custody by the name of Hawk. In a telephone call that was recorded by the prison, the defendant asked Inmate Hawk how much money it would take to kill a judge. The amount stated was $20,000. Inmate Hawk was a known member of a gang.

f. The defendant has plans to start a new country in Mexico and has $150,000 readily available to him to use to leave the country. The defendant has a prior

arrest record and a felony case currently pending in Denver District Court where he has been charged with Possession of a Schedule I Controlled Substance. In that case, two bench warrants were issued for the defendant for failures to appear.

      g.  The nature and circumstances of the underlying charge are serious and relate to the destruction of property, namely, the Denver County Courthouse.

7.    Undersigned counsel conferred with Supervisory U.S. Probation Officer Richard Vaccaro and Senior U.S. Probation Officer Jennifer Nuanes about the defendant's motion.  They both oppose the defendant's motion.  Officer Vaccaro indicated that the Probation Office has made reasonable adjustments to the defendant's home confinement schedule to accommodate necessary appointments and errands.

WHEREFORE, for the foregoing reasons, the United States requests that the defendant's motion to modify terms of release be denied.

Dated:  August 1, 2007                Respectfully submitted,

                                            TROY A. EID
                                            United States Attorney

                                            s/ James O. Hearty
                                            By:  James O. Hearty
                                            Assistant U.S. Attorney
                                            1225 Seventeenth Street, Suite 700
                                            Denver, CO 80202
                                            (303) 454-0100
                                            F: (303) 454-0403
                                            james.hearty@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this __1st__ day of August 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

     Walter L. Gerash, Esq.
     linda@waltergerash.com, wlg@waltergerash.com


     Harvey A. Steinberg, Esq.
     law@springer-and-steinberg.com

and sent via email to the following U.S. Probation Officers

     Richard Vaccaro
     Rich_Vaccaro@cod.uscourts.gov

     Jennifer Nuanes
     Jennifer_Nuanes@cod.uscourts.gov


     s/ Victoria Soltis
     United States Attorney's Office
     1225 Seventeenth Street, Suite 700
     Denver, CO  80202