# EXHIBIT A



# MEMORANDUM

To: James Hardy
Assistant U.S. Attorney

From: Rod Waldo
Senior Probation Officer

Date: October 29, 2007

Re: Dana WEST
Docket No. 03-cr-00128-WYD    **WARRANT REQUEST**

Defendant released from custody on June 29, 2007, to a second period of home detention with electronic monitoring. The defendant violated his first attempt on home detention and the Court initially detained him. Upon his release to pretrial supervision with electronic monitoring, Supervising U.S. Officer (SUSPO) Richard Vaccaro and I authorized a daily schedule which we felt was adequate to allow defendant to manage his personal errands.

The defendant has had prior violations since his release which were detailed to the Court in the October 1, 2007 memo, attached for the Court's review.

The defendant called our office on October 24, 2007 and spoke to Supervising United States Probation Officer (SUSPO), Rich Vaccaro about the ankle transmitter hurting his ankle. The defendant felt it should be removed or relocated. SUSPO Vaccaro called me in the field and told me what defendant was saying about the transmitter hurting his leg. I called the defendant from the field and he said that he was contemplating removing the transmitter because it hurt. I recommended that he let us see him the following day and if it was causing any sores we would reattach the transmitter to his other leg. The defendant agreed and on October 25, 2007, SUSPO Vaccaro and I met with the defendant at his residence where we did observe a slight red spot on his ankle.

We recommended defendant switch it to his right ankle, which he did not want to do. We then recommended putting it on his left wrist which we felt would not interfere with his guitar playing and told him it was the only other plausible alternative. Defendant did not want to do that either because he plays the guitar and he felt that it might interfere. Defendant asked that we put it on his lower left arm just below his biceps and just above his left elbow as it would be out of the way of his guitar, be more easily covered and would not cause any problems with his playing. I expressed my concerns that it might be restrictive, or could be more easily removed. However, after making various measurements we felt we could attach the unit around his biceps and right above his elbow, which seemed to satisfy defendant. At the time we attached the unit it was more than adequately loose to allow rotation of the device 360 degrees and did not appear to interfere with his arm in any way. We had the defendant flex his arm/biceps muscle and it appeared to be adequately strapped to defendant and would not come over his elbow to be removed.

Defendant was very pleased that we were able to compromise on this and SUSPO Vaccaro and myself felt that it was a fair solution given defendant's reported pain issues on his left ankle.

On Saturday, October 27, 2007, U.S. Probation Officer (USPO) Amy Fonck was on nighttime electronic monitoring pager duty when she was alerted at 10:10 p.m. that defendant had an open strap. USPO Fonck called my voice mail and defendant had left a message at 9:50 p.m. stating he was having a medical emergency and needed to have the transmitter removed. He said he would probably take it off himself if he didn't hear back from a U.S. Probation Officer.

At 10:09 p.m. he again called and left another message stating that the problem was escalating, that the ankle transmitter was cutting off his circulation, and that he was going to remove it himself.

At 10:10 p.m. defendant cut the ankle transmitter off.

On October 26, 2007 at 12:45 a.m., USPO Amy Fonck and SUSPO Vaccaro responded to the defendant's residence. Upon their arrival, they looked at his arm and saw no visible marks. The monitoring equipment was removed from defendant's residence because of his actions and his insistence that the transmitter not be reattached.

We have made every attempt to accommodate defendant's numerous demands/needs. Based on the above information, it is recommended that a warrant be issued for the defendant and that the warrant be sealed until the time of the arrest.

Respectfully submitted,

Rod Waldo
Senior U.S. Probation Officer
303-335-2433

APPROVED:

Richard Vaccaro
Supervising U.S. Probation Officer
303-335-2420

cc:   Michael J. Watanabe
      Magistrate Judge

      Wiley Y. Daniel
      District Judge