UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 03-cr-00128-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DANA WEST a/k/a ABRAHAM,

    Defendant.

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BOND AND SET CASE FOR TRIAL

Dana West, a/k/a Abraham, through undersigned counsel, hereby responds to the Government's Motion to Revoke Bond and Set Case for Trial, requests that same be denied, that the unsecured bond be returned to Defendant, and that he continue to be released on bond, and as grounds states as follows:

1.    Defendant has been incarcerated for years without any proof beyond a reasonable doubt that he is guilty of any criminal offense.

2.    The government had offered a plea agreement which would, if the Court were to follow the government's recommendations regarding credit for time already served in custody, have the practical effect pursuant to Fed. R. Crim. P. 11(c)(1)(C) that Defendant would receive no sentence, even probation, and would be immediately at liberty in the community without restrictions or monitoring of any kind.

3. This offer was made because the government must have believed that Defendant was no longer in need of any supervision of any kind, and that he did not pose a danger to any person or to society.

4. Defendant has no prior felony convictions of any sort, so accepting the plea agreement, and thereby accepting his first and only felony in his long life, is a serious decision that he must carefully evaluate and one that is not to be taken lightly. Obviously if he accepts the agreement and the Court permits the change of plea, Defendant will need to make a knowing and intelligent waiver of numerous rights with a full understanding of what he is doing, and not be unfairly pressured or unduly influenced into making this decision by the specter of bond revocation or further pretrial incarceration.

5. Defendant has extensive ties to the community, is not a danger to the community, is not a flight risk, has always appeared in this Court promptly for every ordered appearance, takes this case very seriously, and will continue to do so while on bond.

6. A critical understanding among all parties – including the government – was that Defendant would have the opportunity in which to get his life back in order, so he could properly evaluate this important decision and recover mentally and emotionally from a lengthy period of incarceration. Part of this understanding was that Defendant would have his $20,000 in bond funds returned to him so that he could live his life.

7. The $20,000 in bond funds has presently not been released to Defendant, on information and belief because a conservator previously requested that the Court not release funds directly to Defendant. A February 21, 2008 letter filed the Court from Cherryl Gordon, Vice President & Senior Trust Officer of Wells Fargo Bank, states that the conservator has "become aware of information that was not available at the time of our request to receive the unsecured bond as Conservator for Mr. West," and based on this information, "we have no claim to the $20,000.00 bond posted on behalf of Mr. Dana West." Accordingly, the monies should be returned directly to Mr. West, who has been found competent in this case.

8. Currently, Defendant is staying at a hotel with limited access to his extensive materials and documents related to this case, which were all placed in a storage unit. By contrast, when he was arrested in November of 2007, he was well situated in a household and all of his materials concerning the case were neatly organized in a home that was complete with a functioning office, so he could meaningfully evaluate the case and participate in his defense and/or plea negotiations. Defendant also had a small network of supportive people with which to conduct his business, his life, and help with his affairs.

9. The bond in this case should not be revoked, and the case should not be set for trial at this time. Instead, the funds should be released to Defendant, and the Court should permit the parties to proceed pursuant to the original understanding whereby Defendant has a period of timr in which to evaluate the

3

proposed plea agreement, while having full access to his funds with which to live his life and recover from his long ordeal of pretrial incarceration.

Dated this 23rd day of February, 2008.

    Respectfully Submitted,
    s/Robert J. Corry, Jr.
    Robert J. Corry, Jr.
    600 17th Street, Suite 2800 South Tower
    Denver, Colorado 80202
    303-634-2244 Telephone
    720-379-3215 Facsimile
    Robert.Corry@comcast.net
    Attorney for Dana West, a/k/a Abraham

5

**<u>Certificate of Service</u>**

Above-designated counsel hereby certifies that on February 23, 2008, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BOND AND SET CASE FOR TRIAL** on the following:

James Hearty
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Seventeenth Street Plaza
Denver, CO 80202
james.hearty@usdoj.gov