

# VIOLATION REPORT MEMORANDUM

To:    James Hearty
         Assistant U.S. Attorney

From:  Jason M. Kemp
         U. S. Probation Officer

Date:  March 10, 2008

Re:    Dana **WEST**
         Docket No. 03-cr-00128-WYD-01
         **NOTICE OF ALLEGED VIOLATIONS/REQUEST FOR WARRANT**

**RELEASE STATUS:**

Reference is made to the case history for this defendant since his initial arrest in March 2003. On January 24, 2008, Your Honor issued an order granting the defendant's release from custody on a $20,000 unsecured bond with several restrictive conditions. On February 12, 2008, the government filed a Motion to Revoke Bond and Set Case for Trial. In response to the government's motion, a bond revocation hearing was held before Your Honor on February 25, 2008. On that date, the government's Motion to Revoke Bond was denied, and the defendant was continued on bond supervision with the same terms and conditions that were imposed on January 24, 2008. Those conditions are as follows:

1. The defendant shall report to the Probation Office in person on a weekly basis and/or otherwise as directed by his probation officer;

2. The defendant shall execute a bond or an agreement to forfeit $20,000 upon failing to appear as required;

3. The defendant shall obtain no passport or other international travel documents;

4. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: the State of Colorado unless defendant obtains prior permisrom form the court;

5. The defendant shall avoid all contact, directly or indirectly, with any persons who are victims or witnesses in the subject investigation or prosecution;

6. The defendant shall undergo medical or psychiatric treatment and/or remain in an institution as recommended by pretrial services. However, a hearing before the court must occur before the defendant is referred for any mental health evaluations or any mental health action;

7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons;

8. The defendant shall refrain from the excessive use of alcohol;

9. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

10. The defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

11. The defendant shall not act as an informant for any law enforcement agency without prior permission from the Court;

12. The defendant shall pay for treatment and/or urinalysis as deemed appropriate by the supervising officer;

13. The defendant shall maintain residence at the Ritz-Carlton Hotel located at 1881 Curtis Street, Denver, Colorado 80202, and not move without permission from the supervising officer. Any requests to move must be provided to the supervising officer at least ten days prior to the move, and include the location of the proposed new residence;

14. The defendant shall refrain from any and all contact and direct or indirect communication with any witness to, or victim of, the acts charged in this case, or any attorney for the government, except through his attorney or agent for his attorney acting for the purpose of the defense in this case;

15. The defendant shall not harass, molest, intimidate, retaliate against, or tamper with any witness to, or victim of, the acts charged in this case, or any attorney for the Government;

16. The defendant shall not appear or be physically present on the premises of any facility at which any witness to, or victim of, the acts charged in this case, or any attorney for the government is employed, without the express prior consent of his probation officer;

17. The defendant shall refrain from any and all contact and direct or indirect communication with convicted felons, persons on parole, probation, or under any other forms of supervision, or inmates incarcerated or detained in any facility operated by the United States Marshals Service, or law enforcement or corrections officials for any state, county or municipality; and

18. The defendant shall provide all personal telephone records as directed by his supervising officer.

**NOTE:** On February 25, 2008, the court ordered that on or before March 12, 2008, either a Notice of Disposition or, if a disposition is not reached, a pleading requesting that the matter be set for trial shall be filed.

## SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:

The defendant reported to the Probation Office as directed on January 30, 2008. On that date, his conditions of release and the Order Granting Defendant's Motion for Release on Bond were thoroughly reviewed with him. Mr. West signed reporting instructions that date indicating that he understood his conditions of release. The defendant was instructed to report in person to this probation officer every Monday, commencing February 4, 2008. He was further ordered to attend a urinalysis intake at Correctional Management, Incorporated (CMI) on January 31, 2008. Mr. West reported to CMI as directed on January 31, 2008, where he was placed into the most frequent testing phase of the random urinalysis program. All urine samples provided by the defendant since

January 30, 2008, have tested negative for illicit drug use. It should be noted that Mr. West failed to report for random urinalysis on February 16, 2008. He has not missed any other urine screens as of the writing of this memorandum.

Reference is made to the Summary of Defendant's Adjustment to Supervision and Apparent Violation noted in this probation officer's Response to Government's Motion to Revoke Bond Memorandum dated February 21, 2008. Since the defendant's bond revocation hearing on February 25, 2008, he has maintained a poor adjustment to supervision. Specifically, Mr. West has continued to present manipulative/controlling behavior; he has been uncooperative with this probation officer; he has continued to have questionable associations; he has failed to provide me with requested identifying information for several of his associates; and he has also been untruthful with this probation officer.

On February 29, 2008, at approximately 12:23 p.m., I conducted an unannounced home contact at the defendant's hotel room located within the Hampton Inn at 1845 Sherman Street, Denver, Colorado 80203. The defendant was present that date with three male individuals. I identified myself to everyone in the room and I informed them that I was Mr. West's pretrial supervision officer. I further advised the three individuals of the defendant's conditions of release regarding association. I then asked the three individuals for their names and identifying information so I could run record checks to confirm that they had no prior felony convictions. As I asked the defendant's associates for their information, Mr. West advised/instructed them not to speak with me as I had "no authority" over them. I advised Mr. West that he was correct, but I am charged with enforcing his conditions of release and, in order to do so, I need to verify that none of his associates have any prior felony convictions. The individuals subsequently provided me with their first names "Matthew, Myron, and Tommy." They declined to give me their full names, dates of birth, or social security numbers. The individual who represented himself as "Myron" stated that he did not want any part of my questions, and he asked to leave the room. I informed "Myron" that he was welcome to leave the room, and he did so immediately. I advised the defendant that his failure to cooperate with me regarding his associations was unacceptable, and we would discuss the matter further at his next scheduled office visit on March 3, 2008. As I was getting ready to leave the defendant's hotel room, he informed me that he was asked by hotel management to leave the hotel by 1:30 p.m. that day. I asked Mr. West why he did not inform me of this information when he first learned of it a few days prior. The defendant stated something to the affect of "I've had a lot on my mind." Mr. West then asked permission to move to the Residence Inn located at 1725 Champa Street, Denver, Colorado 80202. As the defendant was being forced to leave the Hampton Inn, I granted him permission to move to the Residence Inn that day.

Before leaving the Hampton Inn on February 29, 2008, I met in person with the front desk manager, Brad Allhouse. I inquired as to why Mr. West was being asked to leave the hotel. Mr. Allhouse stated that the defendant used vulgar/profane language toward hotel staff members on "three or four" occasions, and they simply did not want to deal with his inappropriate behavior any more.

On March 3, 2008, the defendant reported to the Probation Office for his scheduled weekly office visit. Supervising U.S. Probation Officer (SUSPO) Suzanne Wall Juarez and I met with Mr. West that date. The defendant was admonished for his inappropriate behavior at the Hampton Inn and was advised not to use vulgar/profane language toward any hotel staff in the future. Additionally, Mr. West was instructed to provide me with identifying information for the three individuals that were in his hotel room on February 29, 2008. He was instructed to provide this information to me by close of business on March 1, 2008. The defendant stated that he would feel more comfortable if I spoke with his attorney, Robert J. Corry, Jr., regarding that issue. I informed Mr. West that he was on pretrial supervision, not his attorney, and he was again instructed to provide me with the information himself. The defendant subsequently failed to provide me with the requested information. I have made several attempts to contact Mr. Corry via telephone, but we have been unable to connect as of the writing of this report.

At approximately 8:11p.m., on March 4, 2008, I conducted an unannounced home contact at the defendant's new hotel room at the Residence Inn. Senior U.S. Probation Officer (Sr. USPO) Marcee J. Fox was also present that evening. As we were entering Mr. West's room, he was asked if anyone else was in the room with him. The defendant stated that no one else was in the room. While conducting an inspection of the defendant's room, I encountered a male individual hiding in the closet. For safety reasons, the individual was instructed to step out of the closet slowly, without making any sudden movements. The individual complied with this instruction. I asked the individual for his identifying information. He stated that his name was "Steve Campbell [sp?]" and that he worked for Mr. West. The defendant immediately instructed "Mr. Campbell" not to provide any information to me, as I had no authority over him. Subsequently, "Mr. Campbell" would not provide any additional information. It should be noted that both the defendant and Mr. Campbell appeared under the influence of alcohol. Mr. West was admonished by me for being untruthful when asked if anyone else was present in the room. Additionally, he was reprimanded for having someone hiding in his closet, especially considering the safety risk that it created. The defendant was later instructed by me to provide "Mr. Campbell's" identifying information. As of the writing of this memorandum, Mr. West has not provided "Mr. Campbell's" identifying information.

On March 7, 2008, Matthew Davis contacted me via telephone at the request of the defendant. He stated that he works for Mr. West as a website developer. Mr. Davis further stated that he was one of three individuals in Mr. West's room on February 29, 2008, and he provided me with his full name, date of birth, and social security number. A record check conducted on Mr. Davis on March 7, 2008, revealed no prior criminal convictions.

A local record check conducted through the Denver County Court website on March 10, 2008, revealed that the defendant appeared in said court on March 7, 2008, to answer to his pending Possession of Under One Ounce of Marijuana and Possession of Drug Paraphernalia charges (Case Number 07GS019687). On that date, Mr. West entered a guilty plea to the Possession of Under One Ounce of Marijuana charge. He was ordered to pay a $100.00 fine, suspended, and $921.00 in costs/fees. The Possession of Drug Paraphernalia charge was dismissed. As the court is aware, these offenses occurred on November 6, 2007, while the defendant was on pretrial supervision.

**APPARENT VIOLATION:**

1) VIOLATION OF THE LAW: On March 7, 2008, the defendant appeared in the Denver County Court to answer to pending charges of Possession of Under One Ounce of Marijuana and Possession of Drug Paraphernalia charges (Case Number 07GS019687). On that date, Mr. West entered a guilty plea to the Possession of Under One Ounce of Marijuana charge. He was ordered to pay a $100.00 fine, suspended, and $921.00 in costs/fees. The Possession of Drug Paraphernalia charge was dismissed. The Possession of Under One Ounce of Marijuana charge occurred on November 6, 2007, while the defendant was on pretrial supervision for the instant federal offense.

2) FAILURE TO BE TRUTHFUL WITH THE PROBATION OFFICER: During an unannounced home contact on March 4, 2008, the defendant was asked if anyone else was in the room with him. He stated that no one else was present in the room. During an inspection of the defendant's room, a male individual was found hiding in the closet. Thus, the defendant was untruthful with me when he stated that no one else was in the room.

3) FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER: On March 3, 2008, the defendant was instructed to provide me with identifying information for the three male individuals who were present in his hotel room on February 29, 2008. Specifically, Mr. West was instructed to provide this information by close of business on March 4, 2008. The defendant failed to provide the requested information by the close of business on March 4, 2008. As previously mentioned, one of the individuals in Mr. West's hotel room on February 29, 2008, called to provide his identifying information on March 7, 2008.

4) FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER:  On March 4 and 5, 2008, the defendant was instructed to provide me with the identifying information for the male individual who was found hiding in his hotel room closet on March 4, 2008.  To date, Mr. West has failed to provide this information.

5) FAILURE TO PROVIDE TEN DAYS ADVANCE NOTICE OF A CHANGE IN RESIDENCE: On February 29, 2008, at approximately 12:45 p.m., the defendant informed me that he was asked to leave his hotel room at the Hampton Inn by 1:30 pm., that day.  After speaking with the front desk manager, Brad Allhouse, I learned that Mr. West had been given at least 48 hours notice that he needed to leave the hotel.  As the defendant failed to request permission to move from the Hampton Inn until approximately 45 minutes prior to his eviction, he failed to provide me with adequate notice of his need to change addresses.

**SUMMARY OF OFFICER INTERVENTION:**

On March 3, 2008, SUSPO Suzanne Wall Juarez and I met with the defendant.  He was admonished for his inappropriate behavior at the Hampton Inn and was advised not to use vulgar/profane language toward any hotel staff in the future.  Additionally, Mr. West has been instructed on multiple occasions to provide identifying information for the associates who were in his presence on February 29, and March 4, 2008.  With the exception of one associate, the defendant has failed to provide his other associates' information.

**RECOMMENDATION:**

Based on the nature of the instant federal offense, the defendant's history of repeated supervision violations/problems, his lack of cooperation with the Probation Office, his failure to follow the instructions of the probation officer, his untruthfulness with the probation officer, his new law violation, his questionable associations, and the recent safety issues raised by an unknown individual hiding in the defendant's closet, it is respectfully requested that a warrant be issued for the defendant's arrest and the warrant be sealed until the time of his arrest.  Based on all of the aforementioned information, it is my opinion that Mr. West is simply not suitable for further supervision and that he presents a risk of danger to the community.

JMK/msy

cc:    Wiley Y. Daniel, U.S. District Judge
       Michael J. Watanabe, U.S. Magistrate Judge