In exchange, the government agrees to dismiss Count II of the Indictment at the time of sentencing and that the defendant's offense level should be reduced by three levels for acceptance of responsibility.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant should receive credit for time already served in custody and be sentenced to a 27 month term of imprisonment, the bottom of the applicable sentencing guideline range, with no additional term of imprisonment.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the Court should impose a two year term of supervised release and that the additional excess time that the defendant has already served under pretrial supervision of the Court, either in pretrial detention or release on bond, shall fulfill the ~~be credited against the term of~~ supervised release imposed as part of the sentence in this case, ~~with no additional term of supervision imposed~~.

## II. STATUTORY PENALTIES

The statutory penalty for Count I of the Indictment charging a violation of 18 U.S.C. § 373 (referencing 18 U.S.C. §844(i)) – Solicitation to Damage or Destroy a Building by Means of Fire and Explosive, is: not less than 2 years (24 months) and not more than ten (10) years (120 months) imprisonment; not more than a $125,000 fine; or both; not more than three (3) years supervised release; and $100 special assessment fee. However, this stipulated plea agreement calls for a sentence of no additional imprisonment or supervision as set forth above.

2

understands that the possible range given an offense level of 18 is from 27 (bottom of CHC I) to 71 (top of CHC VI) months. The parties stipulate that the defendant should receive credit for time already served in custody and not be sentenced to an additional period of imprisonment. The parties believe that this time is sufficient to meet the above calculated guideline range.

I.      Pursuant to guideline §5E1.2, assuming the estimated offense level of (E) above, the fine range would be $6,000 to $60,000, plus applicable interest and penalties.

J.      Pursuant to guideline §5D1.2, if the Court imposes the term of supervised release, that term shall be ~~at least two years but not be more than three years~~ deemed to be fulfilled. The parties stipulate that no additional term of supervised release should be imposed.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant

6

have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 4-24-8

_____
Abraham, formerly Dana West
Defendant

Date: 4/24/08

_____
Walter Gerash
Robert J. Corry, Jr.
Attorneys for Defendant

Date: _____

_____
James O. Hearty
Assistant U.S. Attorney

7