IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:03-cr-00128-WYD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   DANA WEST,
    a/k/a Abraham,

    Defendant.



Court Exhibit I
03-cr-00128

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

The United States of America (the government), by and through James O. Hearty, Assistant United States Attorney for the District of Colorado, and the Defendant, DANA WEST, a/k/a Abraham, personally and by counsel, Walter Gerash and Harvey A. Steinberg, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR. 11.1.

### I. PLEA AGREEMENT

The Defendant agrees to plead guilty to Count I of the Indictment charging a violation of 18 U.S.C. § 373 (referencing 18 U.S.C. §844(i)) – Solicitation to Damage or Destroy a Building by Means of Fire and Explosive.

In exchange, the government agrees to dismiss Count II of the Indictment at the time of sentencing and that the defendant's offense level should be reduced by three levels for acceptance of responsibility.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant should receive credit for time already served in custody and be sentenced to a 27 month term of imprisonment, the bottom of the applicable sentencing guideline range, with no additional term of imprisonment.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government will recommend that the Court impose a two year term of supervised release and that the additional excess time that the defendant has already served under pretrial supervision of the Court, either in pretrial detention or release on bond, be credited against the term or supervised release imposed as part of the sentence in this case, with no additional term of supervision.

## II. STATUTORY PENALTIES

The statutory penalty for Count I of the Indictment charging a violation of 18 U.S.C. § 373 (referencing 18 U.S.C. §844(i)) – Solicitation to Damage or Destroy a Building by Means of Fire and Explosive, is: not less than 2 years (24 months) and not more than ten (10) years (120 months) imprisonment; not more than a $125,000 fine, or both; not more than three (3) years supervised release; and $100 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

### III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§1B1.3) or to sentencing in general (§1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." (§6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§1B1.3) began is approximately February of 2003, and the activity occurred in the State and District of Colorado.

The parties agree that the government's evidence would be:

3

In February of 2003, law enforcement learned of the defendant and his discussions with various inmates in Colorado about setting off bombs which he referred to as the "bumble bee project." As they investigated the case, agents learned that the defendant had sent money to various inmates and asked them if they were willing to "blow up the government." The investigation continued from February 27, 2003 through March 7, 2003 – during which time the defendant solicited and attempted to hire an undercover FBI agent to make and place explosive devices in and around the Denver City and County Building located at 1437 Bannock Street in Denver, Colorado, in order to damage and destroy it. The Denver City and County Building is a government facility used in and affecting interstate commerce. During the defendant's communications with the undercover agent, which occurred in person and over the phone, the defendant indicated that he intended for the undercover agent to damage and/or destroy the building by the explosives.

## IV. SENTENCING COMPUTATION

The parties understand that in sentencing the defendant, this Court will consider the advisory sentencing guidelines, issued pursuant to 28 U.S.C. § 994(a), as well as the factors set forth in 18 U.S.C. §3553(a).

Any estimation by the parties regarding the estimated appropriate guideline application does not preclude either party from asking the Court to depart from the otherwise appropriate guideline range at sentencing, if that party believes that there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines. (§5K2.0)

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. (§6B1.4(d))  The Court is free, pursuant to §§6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§6B1.4 Comm.; §1B1.4)  However, if the Court sentences the defendant to an additional period of imprisonment contrary to the parties' stipulation pursuant to Fed. R. Crim. P. 11(c)(1)(C) set forth above, the defendant would be able to withdraw his guilty plea.

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§6B1.4(b))

A.  The base guideline for both Count I pursuant to §§ 2K1.4(a)(1) and 2X1.1(a) is 24.

B.  The following specific offense characteristics apply:

1. Because the offense was a solicitation, §2X1.1(b)(3)(A) applies, subtracting three (3) levels.

C.  No multiple count, victim-related, and/or obstruction adjustments apply.

D.  The adjusted offense level would therefore be 21.

5

    E.    The defendant should receive a three (3) point adjustment for acceptance of responsibility. The resulting offense level would therefore be 18.

    F.    The parties understand that the defendant's criminal history computation ("CHC") is tentative. The criminal history category is determined by the Court. The parties believe that the defendant's criminal history category is I.

    G.    As noted above, assuming the (tentative) criminal history facts above, the armed career criminal adjustments do not apply.

    H.    The guideline range resulting from the estimated offense level of 18 and the (tentative) criminal history category of I is from 27 to 33 months. The defendant understands that the possible range given an offense level of 18 is from 27 (bottom of CHC I) to 71 (top of CHC VI) months. The parties stipulate that the defendant should receive credit for time already served in custody and not be sentenced to an additional period of imprisonment. The parties believe that this time is sufficient to meet the above calculated guideline range.

    I.    Pursuant to guideline §5E1.2, assuming the estimated offense level of (E) above, the fine range would be $6,000 to $60,000, plus applicable interest and penalties.

    J.    Pursuant to guideline §5D1.2, if the Court imposes the term of supervised release, that term shall be at least two years but not be more than three years.

## V. **WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE**

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 3/18/08

_____
Abraham, formerly Dana West
Defendant

Date: 3/17/08

_____
Walter Gerash
Harvey A. Steinberg
Attorneys for Defendant

Date: 3/18/08

_____
James O. Hearty
Assistant U.S. Attorney

7