

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:03-cr-00128-WYD-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     DANA WEST,
       a/k/a Abraham,

        Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS
### RELEVANT TO SENTENCING

---

The United States of America (the government), by and through James O. Hearty,

Assistant United States Attorney for the District of Colorado, and the Defendant, DANA

WEST, a/k/a Abraham, personally and by counsel, Walter Gerash and Robert J. Corry,

submit the following Plea Agreement and Statement of Facts Relevant to Sentencing

pursuant to D.C.COLO.LCrR. 11.1.

## I. PLEA AGREEMENT

The Defendant agrees to plead guilty to Count I of the Indictment charging a

violation of 18 U.S.C. § 373 (referencing 18 U.S.C. §844(i)) – Solicitation to Damage or

Destroy a Building by Means of Fire and Explosive.

In exchange, the government agrees to dismiss Count II of the Indictment at the time of sentencing and that the defendant's offense level should be reduced by three levels for acceptance of responsibility.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant should receive credit for time already served in custody and be sentenced to a 27 month term of imprisonment, the bottom of the applicable sentencing guideline range, with no additional term of imprisonment.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the Court should impose a two year term of supervised release and that the additional excess time that the defendant has already served under pretrial supervision of the Court, either in pretrial detention or release on bond, shall fulfill the ~~be credited against the term of~~ supervised release imposed as part of the sentence in this case, ~~with no additional term of supervision imposed~~.

## II.   STATUTORY PENALTIES

The statutory penalty for Count I of the Indictment charging a violation of 18 U.S.C. § 373 (referencing 18 U.S.C. §844(i)) – Solicitation to Damage or Destroy a Building by Means of Fire and Explosive, is:  not less than 2 years (24 months) and not more than ten (10) years (120 months) imprisonment; not more than a $125,000 fine, or both; not more than three (3) years supervised release; and $100 special assessment fee. However, this stipulated plea agreement calls for a sentence of no additional imprisonment or supervision as set forth above.

The conviction may cause the loss of certain civil rights.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.  Under this plea agreement, however, the stipulated sentence does not include any additional term of probation or supervised release.

## III.  STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate guideline range.

In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." (§6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§1B1.3) began is approximately February of 2003, and the activity occurred in the State and District of Colorado.

The parties agree that the government's evidence would be:

In February of 2003, law enforcement learned of the defendant and his discussions with various inmates in Colorado about anti-government retribution and certain senarios. As they investigated the case, agents learned that the defendant had sent money to various

3

inmates and asked them if hypothetically they would be willing to "blow up the government" if they would not get caught. The defendant sent money to a variety of inmates for their prison commisary accounts because he felt an affinity for them and was sympathetic with their plight. The investigation continued from February 27, 2003 through March 7, 2003 – during which time the defendant solicited and attempted to hire an undercover FBI agent to make and place explosive devices in and around the Denver City and County Building located at 1437 Bannock Street in Denver, Colorado, in order to damage it. The Denver City and County Building is a government facility used in and affecting interstate commerce. During the defendant's communications with the undercover agent, which occurred in person and over the phone, the defendant indicated that he intended for the undercover agent to damage the building by the explosives.

## IV. SENTENCING COMPUTATION

The parties understand that in sentencing the defendant, this Court will consider the advisory sentencing guidelines, issued pursuant to 28 U.S.C. § 994(a), as well as the factors set forth in 18 U.S.C. §3553(a).

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. (§6B1.4(d)) The Court is free, pursuant to §§6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§6B1.4

4

Comm.; §1B1.4) However, if the Court sentences the defendant to an additional period of imprisonment contrary to the parties' stipulation pursuant to Fed. R. Crim. P. 11(c)(1)(C) set forth above, the defendant would be able to withdraw his guilty plea.

The parties stipulate to the sentencing factors and computations set forth below.

A.      The base guideline for both Count I pursuant to §§ 2K1.4(a)(1) and 2X1.1(a) is 24.

B.      The following specific offense characteristics apply:

1. Because the offense was a solicitation, §2X1.1(b)(3)(A) applies, subtracting three (3) levels.

C.      No multiple count, victim-related, and/or obstruction adjustments apply.

D.      The adjusted offense level would therefore be 21.

E.      The defendant should receive a three (3) point adjustment for acceptance of responsibility.  The resulting offense level would therefore be 18.

F.      The parties understand that the defendant's criminal history computation ("CHC") is tentative.  The criminal history category is determined by the Court.  The parties believe that the defendant's criminal history category is I.

G.      As noted above, assuming the (tentative) criminal history facts above, the armed  career criminal adjustments do not apply.

H.      The guideline range resulting from the estimated offense level of 18 and the (tentative) criminal history category of I is from 27 to 33 months.  The defendant

understands that the possible range given an offense level of 18 is from 27 (bottom of CHC I) to 71 (top of CHC VI) months. The parties stipulate that the defendant should receive credit for time already served in custody and not be sentenced to an additional period of imprisonment. The parties believe that this time is sufficient to meet the above calculated guideline range.

I.      Pursuant to guideline §5E1.2, assuming the estimated offense level of (E) above, the fine range would be $6,000 to $60,000, plus applicable interest and penalties.

J.      Pursuant to guideline §5D1.2, if the Court imposes the term of supervised release, that term shall be ~~at least two years but not be more than three years~~ deemed to be fulfilled. The parties stipulate that no additional term of supervised release should be imposed.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant

6

have relied, or are relying, on any terms, promises, conditions or assurances not expressly

stated in this agreement.

Date: __4-24-8__

Abraham, formerly Dana West
Defendant

Date: __4/24/08__

Walter Gerash
Robert J. Corry, Jr.
Attorneys for Defendant

Date: __5/7/08__

James O. Hearty
Assistant U.S. Attorney

7